(No. 32834.—

FAY ICKES *et al.*, Appellees, *vs.* THE BOARD OF SUPERVISORS OF MACON COUNTY *et al.*, Appellants.

*Opinion filed September 24, 1953.*

KENNETH E. EVANS, State's Attorney, ROY B. FOSTER, and DAVID C. JACK, all of Decatur, for appellants.

CHARLES E. LEE, of Decatur, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from the circuit court of Macon County involving the construction, interpretation and constitutionality of the Indigent War Veterans Act, (Ill. Rev. Stat. 1951, chap. 23, pars. 154-154i,) also known as the Bogardus Act. The appellants are the county of Macon and the board of supervisors of Macon County, and the appellees are the superintendent of the veterans assistance commission of Macon County and two taxpayers. The action originated as one for *mandamus,* in which the court issued an *alias* writ against the appellants.

There is no conflict as to the facts of the situation. Section 2 (par. 154a) of the act provides for the assistance of veterans of the wars and campaigns in which the United States has been engaged and their families who have been residents of the State for a year or more. The county board shall provide such sums as may be just and necessary to be drawn by the commander, quartermaster or commandant of specified veterans organizations on the recommendation of the assistance committee of the post, ship, camp or chapter. On failure of the county board to appropriate for such assistance, the organization, its commandant, or the superintendent of any veterans assistance commission shall apply to the circuit court for a writ of *mandamus,*

and upon proof of the justice and necessity of the claim the writ shall issue. It is apparent from the language employed in this section that it applies only to writs of *mandamus* to require the board to appropriate just and necessary sums to meet claims for assistance only.

Section 9 (par. 154h,) in essence, provides for the establishment of a county veterans assistance commission where the county has two or more posts, camps, chapters or detachments of specified veterans organizations with one delegate and one alternate from each division making up its membership. This commission and the president of the county board are to oversee the distribution of funds. Section 10 (par. 154i) vests the executive powers of the commission in a superintendent elected by the commission from among veterans of certain specified wars, who is to have charge of the office provided by the county board. The county is to furnish necessary supplies and also, in counties where a commission has been organized, "appropriate such additional sums, upon recommendation of the Veterans Assistance Commission, as may be deemed necessary, to properly compensate the officers and employees required to administer such assistance," with a ceiling on such salaries in counties the size of Macon of $3600 per year for superintendent and $2400 for secretary.

Prior to 1950 a veterans assistance commission was organized in Macon County and a recommendation was made for an appropriation to pay the necessary salaries. The board failed to appropriate for that year and a *mandamus* action was brought, to which the board filed a motion to dismiss. This motion was denied and the board stood on the motion, whereby the circuit court issued a writ. The board appealed but subsequently dismissed the appeal and appropriated for that year the sum of $2400 for the superintendent and $1500 for a secretary. In the fiscal year 1951-1952 the board appropriated the sums requested by the commission for the expenses and salaries.

In 1952, the veterans assistance commission made a recommendation asking for a total appropriation of $7400, which included the maximum of $3600 for the salary of a superintendent and $2400 for a secretary. The board did not follow this recommendation but instead made a total appropriation of $4000, which fixed the superintendent's salary at $2100 and the secretary's at $1500. On October 1, 1952, the appellees filed a motion to redocket the original cause and a complaint for an *alias* writ. Appellants filed a motion to dismiss the complaint for an *alias* writ, which motion was overruled. Appellants then answered the complaint, a hearing was had, and the court then made a finding that the appellants had acted capriciously and arbitrarily in failing to "make such appropriations of moneys to provide an office and employees for the Veterans Assistance Commission of Macon County, Illinois, as directed by the Court in previous Writ of Mandamus entered herein." The *alias* writ then ordered the board to make such appropriations as are necessary to provide and equip an office and such additional sums as might be deemed necessary to properly compensate officers and employees required to administer such assistance.

At the hearing, the present superintendent testified that the original superintendent had died and that he was new, that he was unable to work for the amount appropriated, that some 12 to 35 people a day came to the veterans assistance office, and that he had no prior experience, except as a volunteer, in the type of work he was then doing. The secretary testified that she had been secretary for the entire time the office had been in existence and could not work for $1500. The service officer of the Illinois veterans commission testified that the work of his office and that of the Macon County office were parallel and that the offices are duplications. He further stated that he felt the work in the offices would continue at present levels or increase. The chairman of the board of supervisors was called, and he

testified over objection that at a caucus of Republican board members it was voted to drop the veterans assistance commission appropriation, and further stated that other salaries in the courthouse had been adopted on the recommendation of the committee on fees and salaries. To like effect was the testimony of the chairman of the fees and salaries committee and the chairman of the finance committee.

At the conclusion of the hearing the court rendered an opinion appearing in the record which, while not deciding the legal issues of the case, found that the board sought to do by indirection what it could not do by direction, namely, abolish the commission, and, therefore, the board acted arbitrarily and capriciously. The only reference the opinion makes to the statute was language to the effect that the intervention of the veterans assistance commission in making a recommendation for an appropriation was, in effect, the legislature itself speaking and making the appropriation for the board.

The appellants argue that an *alias* writ of *mandamus* will only lie in situations where the public authority or official has not complied with the original writ, and, since the board did make an appropriation, it had complied with the original writ; that a writ of *mandamus* will not lie to challenge the sufficiency of an appropriation made by the board where the amount to be appropriated is within the discretion of the board; and that a court cannot substitute its discretion for the discretion vested in a public body.

The appellees raise the argument of *res judicata* which is raised for the first time on this appeal, claiming that any questions involving the present conflict were determined in the original proceedings; and that an *alias* writ may be awarded to compel the performance of acts unfulfilled or not in compliance with the original writ.

It is the opinion of this court that the decision of the trial judge in awarding an *alias* writ to the appellees cannot stand. Analyzing the statute in question, it is apparent

that the county board must make an appropriation upon the recommendation of the veterans assistance commission. That appropriation, however, can be no more than the maximum allowed by the statute. The act does not say that the appropriation must be in the amounts recommended by the commission. It states purely and simply that the board shall appropriate such amounts as may be deemed necessary to properly compensate employees. What is a proper compensation is certainly within the discretion of the board. A writ of *mandamus* will not lie to challenge the sufficiency of an appropriation made by the board where the amount to be appropriated lies within the discretion of the board. *People ex rel. Schlaeger* v. *Jarmuth,* 398 Ill. 66; *McFarlane* v. *Hotz,* 401 Ill. 506.

Further, the act provides for an appropriation. The original *mandamus* proceeding was instituted to force the board to make an appropriation which it had refused to do. When the board did make the appropriation it had done all that the statute required of it. The *alias* writ, instituted by reactivating the former and original proceedings, was not designed to force the board into making an appropriation but to appropriate a specific amount which the commission and the court felt it should appropriate. However, when the board made the appropriation as a result of the order in the original proceeding, that writ was satisfied. It again made an appropriation as a result of the 1952 request. The *alias* writ could only lie to enforce compliance with the original writ. (*People ex rel. Illinois Midland Railway Co.* v. *Supervisor of Barnett Township,* 100 Ill. 332.) Bearing in mind that the board had acted in compliance with the original writ and had so acted in the year in question, it is obvious that the cases cited by appellees are not pertinent in the cause before us. The *alias* writ is issued to compel compliance with the original order.

The net effect of the court's order has been to hold that the board, by setting a superintendent's salary of $2100

and a secretary's salary of $1500, was capricious and arbitrary. Leaving aside for the moment the fact that appellees were not entitled to an *alias* writ, the court has here substituted its discretion for that of the board. That there is some substantiation for the amounts set forth in the appropriation, regardless of the desire expressed to do away with the commission and the fact that parallel and duplicating services existed, is apparent from the fact that the original appropriation to pay the original staff was in the amount of a $2400 salary for a Superintendent and $1500 for a Secretary. In any case, regardless of the basic reasons behind the cut in appropriation on the part of the men who testified, the entire board in open meeting passed an appropriation which was within its discretion to determine. "A court will not issue a writ the effect of which command would be to substitute the court's judgment or discretion for that of the body which is commanded to act. The application of the writ is restricted to directing that action be taken and is not available to direct what action shall be taken." (*People ex rel. Walsh* v. *Board of Comrs.* 397 Ill. 293.) It could well be pointed out that to allow the judge to set his discretion over that of the board by determining that the amount it set was a result of arbitrary and capricious action would be, in itself, a method whereby the court could require the board to set the maximum of the statute. The court could do by indirection that which it could not do by direction.

There is no evidence in the cause which would indicate that the board abused its discretion in the matter. The statute is clear in its terms and allows the board to act within the limits of the statute. This the board here has done and this action may not lie. For the reasons stated herein, the order of the circuit court of Macon County is reversed.

*Order reversed.*