(No. 51841

STANLEY MAKOWICZ, Appellant, v. THE COUNTY OF
MACON, Appellee.

*Opinion filed January 23, 1980.*

Vernon H. Houchen, Special Assistant State's Attorney, of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

In protest of her discharge as a secretary in the office of the Veterans Assistance Commission of Macon County (Commission) by Stanley Macowicz, the Commission's superintendent, Mrs. Brad Collins filed a complaint with the county board of Macon County (Board) claiming that the Commission had no authority to discharge her. When the Board decided that it alone had the authority to dismiss Mrs. Collins, Stanley Makowicz, the plaintiff here, brought a complaint for declaratory judgment in the circuit court of Macon County on September 8, 1977, claiming authority to appoint and discharge employees of the Commission under the provisions of "An Act to regulate the granting of assistance to indigent war veterans ***" (Ill. Rev. Stat. 1977, ch. 23, pars. 3081 through 3090). The trial court held that persons appointed or hired by the Commission were to be considered its employees and subject to its employment procedures and

not to those of the Board. The appellate court reversed, with one judge dissenting. (68 Ill. App. 3d 322.) Though the court judged that the superintendent's express right to hire under the statute included an implied authority to discharge, it held that the appointment of the superintendent by the Commission, which the court considered to be a private body, was unconstitutional. We granted the Commission's petition for leave to appeal.

The statute here, commonly known as the Bogardus Act, was enacted in 1907 and authorizes the establishment of county veterans' assistance commissions in counties where there are two or more recognized veterans' associations (Ill. Rev. Stat. 1977, ch. 23, par. 3089). Delegates to a commission are designated by the various veterans' organizations, and they "elect" or appoint a superintendent for the commission. The commission and the county board are to have "general oversight of the distribution of all moneys and supplies appropriated by the county for the benefit of the indigent veterans ***." (Ill. Rev. Stat. 1977, ch. 23, par. 3089.) The decision as to the monies to be spent and to whom they should be distributed are based upon recommendations made by the local veterans' organizations. (Ill. Rev. Stat. 1977, ch. 23, par. 3082). The Act also provides that the commission shall recommend to the county board what salaries should be paid the superintendent and employees of the commission. (Ill. Rev. Stat. 1977, ch. 23, par. 3090). The actual decision as to the funds to be expended following recommendations of the commission is made by the county board. Ill. Rev. Stat. 1977, ch. 23, par. 3082, 3090. See also *Ickes v. Board of Supervisors* (1953), 415 Ill. 557.

The superintendent, in addition to directing the operation of the commission, is authorized to appoint a secretary to the commission and other employees, if necessary, and to maintain an office. The office is to be provided by the county, along with necessary supplies, telephone, stationery, printing and postage. (Ill. Rev.

Stat. 1977, ch. 23, par. 3090.) Should the county board fail to appropriate "just and necessary" funds for aid to the indigent veterans, the superintendent may petition the circuit court for a writ of *mandamus* ordering the county to provide such funds. (Ill. Rev. Stat. 1977, ch. 23, par. 3082.) The Act specifically provides that employees of the commission, including the superintendent, shall be exempt from the provisions of any civil service act or laws of the State of Illinois. Ill. Rev. Stat. 1977, ch. 23, par. 3090.

We must decide whether the appellate court was correct in holding that the appointment of the plaintiff as superintendent of the commission was an appointment, as the appellate court held, by a private body and invalid, and whether the discharge of a secretary of the Commission was to be governed by rules or guidelines of the Commission or of the Board.

The Act was enacted in 1907, and the commission here has operated in Macon County since 1949. The plaintiff invites attention to this court's holding in *People ex rel. Schlaeger v. Jarmuth* (1947), 398 Ill. 66, 76, where it was said that "[w]hile the passage of time is not conclusive as to the validity and constitutionality of the statute, it creates a strong presumption against its invalidity." (See also *People v. Avery* (1977), 67 Ill. 2d 182; *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437.) The constitutional challenge here has not heretofore been raised. No other constitutional challenges to this statute have been reported, save for the question raised in *Ickes v. Board of Supervisors* (1953), 415 Ill. 557.

We cannot accept the Commission's argument that under the decision in *Ickes* we should consider as *res judicata* the question now presented as to the Act's constitutionality. The provisions and questions examined there were entirely different from those here. Though this court in *Ickes* did by way of broad, general description state that the case "involv[es] the construction,

interpretation and constitutionality of the Indigent War Veterans Act ***" (415 Ill. 557, 558), the question for decision was whether the county board had any discretion in the setting of salaries recommended to it by the commission. The court held that the county board did have discretion, stating:

> "The act does not say that the appropriation must be in the amounts recommended by the commission. It states purely and simply that the board shall appropriate such amounts as may be deemed necessary to properly compensate employees. What is proper compensation is certainly within the discretion of the board." 415 Ill. 557, 562.

Citing *People ex rel. Rudman v. Rini* (1976), 64 Ill. 2d 321, the Board says the statute here is unconstitutional, as it would grant the power to appoint the superintendent to a private body or group. The reliance on the holding in *Rudman,* however, is misplaced.

The plaintiff has asserted that the Commission is not a private body but is a local governmental unit, and to that the Board has not responded. The plaintiff points out that in section 2—14 of the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 2—14) county veterans' assistance commissions providing general assistance to indigent war veterans and their families under section 12—21.13 of the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 12—21.13) are identified as local governmental units. (Section 12—21.13 provides for the levying for assistance to indigent war veterans and their families by counties of less than 3 million population having county veterans' assistance commissions.) Those sections referring to county veterans' assistance commissions and local governmental units antedate our constitution of 1970, but it is to be noted that the local government article of our constitution, that is, article VII, provides in section 1 for "units of local government," an almost

identical term. Section 1 states:

> " 'Municipalities' means cities, villages and incorporated towns. 'Units of local government' means counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts."

Section 8 of article VII of the 1970 Illinois Constitution states that the General Assembly shall provide for the selection of officers of units of local government.

It may be that the Commission, identified by statute as a "local governmental unit," is to be considered a unit of local government exercising limited governmental powers in respect to limited governmental subjects. It will not be necessary, however, for us to make that specific determination, because it is obvious that in any event the Commission is not a private body or group as the Board and the appellate court regarded it. We consider that the General Assembly did not exceed constitutional limitations in granting the Commission authority to select the superintendent. The method of appointment provided for here was within the discretion of the legislature. (*Zisook v. Maryland-Drexel Neighborhood Redevelopment Corp.* (1954), 3 Ill. 2d 570. See also *Betts v. Village of Calumet Park* (1960), 20 Ill. 2d 524; *People ex rel. Gutknecht v. Chicago Regional Port District* (1954), 4 Ill. 2d 363; *People v. Chicago Transit Authority* (1945), 392 Ill. 77.) And this authority is apart from that conferred in section 8 of article VII on the General Assembly to provide for the selection of officers of units of local government.

We would parenthetically observe that it is not necessary to consider here whether there may be exceptions to what this court said in *People ex rel. Rudman v. Rini* (1976), 64 Ill. 2d 321, regarding the invalidity of delegations of power, including grants of authority to appoint, to private parties. See Freedman, *Delegation of Power and*

*Institutional Competence,* 43 U. Chi. L. Rev. 307 (1976); Annot.; 97 A.L.R.2d 361 (1964); Davis, Administrative Law Treatise sec. 2.14 (1958); Davis, Administrative Law of the 70's sec. 2.14 (1976).

The Board argues that even if the Act is to be considered constitutional, employees of the Commission, other than the superintendent, must be discharged from employment according to the personnel practices of the Board and not those of the Commission. The Board says that *Ickes,* in declaring that the county board had discretion to determine the amount of funds to be distributed as salaries for commission employees, was in effect a recognition .that the county board could "discharge" employees by simply failing to provide funds for the positions involved. The Board argues too that the fact that the Act gives the superintendent the power to appoint a secretary and other employees does not necessarily mean he has the power to discharge employees.

The conclusion the Board would reach from the decision in *Ickes* is unwarranted. The holding there was simply that the county board had discretion to accept or modify salary recommendations made to it by the Commission. There was in fact an observation by the court contrary to the contention the Board makes here. 415 Ill. 557, 562.

We are not persuaded by the Board's contention that the superintendent's power to hire the Commission's secretary does not include the implied power to discharge.

Section 10 of the Act specifically provides that the "[s]uperintendents, subject to rules formulated by the commission, shall select *** secretaries and other employees *** and the secretary of the commission shall be appointed by the superintendent." (Ill. Rev. Stat. 1977, ch. 23, par. 3090.) This section seems to make it clear that persons employed by the Commission were to be employees of the Commission and not of the Board.

No portion of the Act provides or suggests that the employees of the Commission were to be subject to the employment procedures of the Board. One must conclude that the superintendent had authority to discharge Mrs. Collins. This conclusion is supported by section 10 of the Act which, as noted earlier, exempts all commission employees from any civil service act or laws of the State of Illinois. On the record here it cannot be said whether there were proper grounds for the secretary's discharge and whether Commission guidelines, if any, were followed. We answer only the question presented, *viz.,* whether the superintendent has the authority to discharge, as well as to appoint, the secretary for the Commission. The cases the Board offers in opposition to the claim of a power to discharge (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129; *People ex rel. Wojcik v. Village of Harwood Heights* (1974), 17 Ill. App. 3d 477) are plainly distinguishable.

For the reasons given, the judgment of the appellate court, reversing the circuit court of Macon County, is reversed. The judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*