JERRY LEE FREEMAN, Plaintiff-Appellant, v. MICHAEL P. LANE, Defendant-Appellee.

Third District   No. 3—84—0269

Opinion filed January 9, 1985.

Verlin R.F. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Michael T. Mullen, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff Jerry Lee Freeman filed a petition for a writ of *mandamus* to compel defendant Michael P. Lane, Director of the Department of Corrections, to grant Freeman meritorious good time earned prior to July 13, 1983. (Ill. Rev. Stat. 1981, ch. 38, par. 1003—6—3(a)(3).) In pertinent part, Freeman's petition alleged that he had been incarcerated for 91 days in the county jail and 127 days in the Department of Corrections (hereinafter called DOC) prior to the Illinois Supreme Court's decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322. In that case, the court limited the awarding of meritorious good time credit by the DOC to a total of 90 days. The court did not, however, alter any meritorious good time credits that had been awarded prior to the date of its decision, being July 13, 1983.

Freeman's petition further alleged that prior to the *Lane v. Sklodowski* decision, it was the established policy of the DOC to credit inmates who presented little or no disciplinary problem with meritorious good time, in amounts as specified by each institution, on a regular basis. The petition further alleged that by virtue of the policy of the DOC respecting meritorious good time awards, a duty had arisen upon Lane, as Director, to award defendant Freeman meritorious good time for the amount of time he had spent incarcerated prior to the *Lane v. Sklodowski* decision. The petition asserted that despite demands and requests, Freeman had not received the meritorious good time credit for the period of his incarceration prior to July 13, 1983. Freeman also alleged, with supporting affidavits, that he met all the conditions set forth as departmental policy for such an award and requested that a writ of *mandamus* issue, directing Lane, as Director, to grant him 96.8 days of meritorious good time, calculated at 40 days for each 90 days served prior to July 13, 1983.

The State responded with a motion to dismiss the petition, asserting that it was insufficient as a matter of law. The State's motion was premised upon the assertion that Director Lane was under no duty to award Freeman meritorious good time, as the award of credit is an

act within the director's discretion, and therefore not subject to *mandamus* action. The State argued that as a discretionary action, Freeman had no clear right to the award such as would permit *mandamus*. Reliance was placed upon pertinent statutory provisions (Ill. Rev. Stat. 1981, ch. 38, par. 1003—6—3(a)(3)) and applicable administrative regulations of the DOC. The circuit court agreed with the State, concluding that the decision on the award of meritorious good time is within the sole discretion of the director, not subject to a *mandamus* action. The court dismissed the petition, and this appeal followed.

We reverse and remand.

There is little dispute as to the applicable law with respect to *mandamus* actions and discretionary duties. A writ of *mandamus* will not lie to direct the manner of performance of an action which requires the exercise of discretion. (*People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 519-20, 147 N.E.2d 89.) While it has been used to compel the exercise of discretion by a public official (*People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201, 207, 195 N.E.2d 651), it may be not used to direct or alter the manner in which discretion is to be exercised. To do so would be to substitute a court's judgment and discretion for that vested in the public official, and that is not permitted. (*Ickes v. Board of Supervisors* (1953), 415 Ill. 557, 563, 114 N.E.2d 669.) *Mandamus* relief is available where the duty is nondiscretionary, or ministerial, and where the petitioner has shown a clear right to the relief requested. *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520; *People ex rel. Heydenreich v. Lyons* (1940), 374 Ill. 557, 30 N.E.2d 46.

As noted, there is no dispute on this basic law, and neither is there dispute that, theoretically, the statutory provision respecting meritorious good time and the administrative regulations pertaining thereto leave the award of good time to the discretion of the director. The latter is not controlling, however, given the procedural posture of the instant case and the allegations of the petition for writ of *mandamus*. The State's motion to dismiss addressed only the legal sufficiency of the petition, and under accepted principles, well-pleaded facts in the petition must be taken as true by the court deciding the motion to dismiss. *People v. Johnson* (1977), 52 Ill. App. 3d 843, 845, 368 N.E.2d 111.

The factual allegations of Freeman's petition indicate a policy of the DOC where the discretion of the director had been surrendered by him, and supplanted by an established and regular policy of grant-

ing meritorious good time to a certain class of inmates of which Freeman alleges he is a member. These factual allegations, as noted, must be taken as true at the motion to dismiss stage of the proceedings. We find the allegations sufficient to state a claim for *mandamus* relief because they indicate that the discretion vested with the director by law has been transformed, *de facto*, into a nondiscretionary policy for awarding good time credit. If that is the case, and there was an across-the-board award of such credits to inmates in Freeman's class, then Freeman is entitled to an award.

The State, in its brief, suggests that Director Lane reviewed Freeman's case and made a conscious decision, after individual analysis, to deny him the award. It is contended that such actions indicate the discretionary nature of the decision with respect to Freeman. The difficulty with this is that there is nothing in the record indicating such action by Lane, nor anything contradicting the allegations of the petition. Statements from the brief of a party are not a substitute for matters of record. The State, upon remandment, will have full opportunity to present evidence disproving the allegations of the petition and establishing the discretionary nature of the decision. If they do so, then the petition for *mandamus* relief will be denied. At this point, the only factual matters are those pleaded in the petition, and, as noted, they are sufficient to state a claim for relief by way of *mandamus*.

We turn next to supplemental arguments presented by the State in support of the circuit court's decision. The State argues that the petition is fatally defective because if *mandamus* is granted, it would create confusion and disorder within the DOC. It is established, as the State contends, that the issuance of a writ of *mandamus* is not a right, but lies within the sound discretion of the court. Further, a writ may be denied when its effect will be to create disorder and confusion and will not promote substantial justice. (*Hill v. Butler* (1982), 107 Ill. App. 3d 721, 727, 437 N.E.2d 1307.) However, this argument with respect to the effect of *mandamus* upon the DOC is advanced for the first time on appeal, without any supportive evidence to substantiate it. Without its presentation and consideration in the trial court, we are in no position to evaluate it. The argument may certainly be advanced and supported at the hearing upon remandment. If another appeal is taken, we will then have the benefit of an adequate record and the decision of the trial judge. Any determination at this time would be inappropriate and premature.

The State also argues that the petition must be denied because an award of meritorious good time to Freeman would be in violation of

the decision and direction of the Illinois Supreme Court in *Lane v. Sklodowski*. While this argument was not advanced to the trial court, some comment is in order. It is established that *mandamus* will not issue for the performance of an act which, for any reason, has become unlawful to be performed, or where the act is no longer within the power of the public official involved. (*People ex rel. Cannella v. Chicago* (1955), 7 Ill. 2d 416, 418, 131 N.E.2d 98.) In *Lane v. Sklodowski*, the court determined that the director could not grant more than a total of 90 days' credit for meritorious good time. (97 Ill. 2d 311, 320.) It also held that "credits that the Director *awarded* prior to July 13, 1983, are to be honored," regardless of whether they exceeded the 90-day maximum set forth in the case. (Emphasis added.) (97 Ill. 2d 311, 320.) Thus, the director, by virtue of the supervisory order in Lane, may not grant more than a total of 90 days' meritorious good time to any inmate subsequent to July 13, 1983.

To the extent that Freeman seeks an award in excess of 90 days, it would not be available to him because of the decision in *Lane v. Sklodowski*. However, so far as the record indicates, there have been no awards of meritorious good time to Freeman. Thus, if he prevails after hearing, *Lane v. Sklodowski* is not violated by an award, obtained through *mandamus*, which grants to him 90 days of meritorious good time. We reject Freeman's contention that the prospective application of *Lane v. Sklodowski* focuses upon July 13, 1983, and the question of whether an inmate's good-time credits were earned prior to that date. The clear focal point of the decision and its date for prospective application is whether such credit *had been awarded*. While acknowledging the fundamental fairness argument of Freeman on this issue, the supreme court decision is clear, and any change or alteration in its application should be made by that court. Returning to the question of whether this *mandamus* action seeks to compel an action in violation of *Lane v. Sklodowski*, on the record before us we find no inherent incompatibility between the relief requested and that decision. If Freeman proves his case, he will be entitled to a total of 90 days' good-time credit, which award will not violate the court's directive in *Lane v. Sklodowski*.

Finally, we turn to the issue of whether Freeman, as a matter of equal protection of the law, is entitled to meritorious good time for the time he spent incarcerated in the county jail. That issue will also depend upon the facts as brought forth at the hearing upon remandment. The State's response to Freeman's equal protection argument is premised upon its assertion that the award of meritorious good time is discretionary, and not subject to *mandamus*. Having already

determined above that at this stage the allegations are sufficient to state a claim for *mandamus* relief, the State's response must fail.

We will note, however, that if Freeman establishes the *de facto* nondiscretionary award of good time, thereby entitling him to *mandamus* relief, we see no distinction, for purposes of equal protection, between this case and *Hampton v. Rowe* (1980), 88 Ill. App. 3d 352, 410 N.E.2d 511. The justifications and obstacles asserted by the State to an award of meritorious good time by the DOC for time spent in the county jail are the same as those advanced, and rejected, by the court in *Hampton v. Rowe*. Certainly, however, the State will be free to advance other arguments upon remandment in an attempt to distinguish the situation here from that considered in *Hampton v. Rowe*.

In conclusion, we find that the court erred in dismissing the petition for a writ of *mandamus*, for the reasons stated above, and we remand for a hearing on the petition, consistent with this opinion.

Reversed and remanded with directions.

HEIPLE, P.J., and STOUDER, J., concur.