William JACKSON, Plaintiff,

v.

Michael P. LANE, et al., Defendants.

No. 88 C 6036.

United States District Court,
N.D. Illinois, E.D.

July 19, 1988.

William Jackson, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

William Jackson ("Jackson") has just asked leave to file, without payment of the filing fee, a self-prepared nine-page typed Complaint, asserting he is entitled to $100,-000 in compensatory damages and five times $100,000 in punitive damages (the latter six-figure number is sought from each defendant) from Illinois Department of Corrections Director Michael Lane, Stateville Correctional Center ("Stateville") Warden Michael O'Leary, Stateville Assistant Warden of Programs Thomas Roth, Stateville Hospital Administrator James Heaton and Stateville Dentist Director R. Lawshea ("Lawshea") under 42 U.S.C. § 1983 ("Section 1983"). Because Jackson's Complaint is legally frivolous, leave to file is denied.

Pro se plaintiffs—perhaps a fortiori including such persons in custody—are entitled to special solicitude from the courts. Their pleadings are read with great liberality (*Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam)). If there is "any rational argument in law or fact which would entitle him or her to relief," such a plaintiff's Complaint will be sustained at the threshold level (*Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir.1988)). But such a plaintiff is *not* entitled to abuse that special solicitude by trivializing Section 1983 and its concerns for constitutional rights.

Jackson wants his teeth cleaned to remove any buildup of tartar and calcium phosphate, which he says "could cause Plaintiff some future problems" (Complaint ¶ 14). According to Jackson, his request to see a dental hygienist for that purpose was met with the truthful response that Lawshea no longer had a hygienist on his staff (Complaint ¶¶ 16–17), so Jackson has not been able to get the teeth cleaning he wants.

That does not—repeat not—state an Eighth Amendment[1] claim. It is part of our folklore that too many people perceive a visit to the dentist as "cruel and unusual

---

[1]. In accordance with convenient custom, this opinion cites directly to the underlying Bill of Rights provision, although of course state actors such as defendants are reachable only through the Fourteenth Amendment (which has been held to incorporate the Bill of Rights guaranties).

punishment."[2] In William Goldman's *Marathon Man,* the ex-Nazi concentration camp official (marvelously played in the screen version by Sir Laurence Olivier)—a dentist by trade—used his dental drill (employed without anesthesia) as the means of inflicting the most exquisite torture on his victims. Jackson's Complaint seeks to turn such matters on their head, for he claims that his lack of access to a dental hygienist implicates "cruel and unusual punishment" —the Eighth Amendment's prohibition.

*Estelle v. Gamble,* 429 U.S. 97, 102–04, 106, 97 S.Ct. 285, 290–91, 292, 50 L.Ed.2d 251 (1976) (citations omitted) remains the definitive authority on the Eighth Amendment in the context of ministering to the medical needs of persons in custody:

Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," . . . .

These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death," *In re Kemmler, supra* [136 U.S. 436, 10 S.Ct. 930, 34 L.Ed. 519 (1890)], the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. Cf. *Gregg v. Georgia, supra* [428 U.S.] at 182–183 [96 S.Ct. 2909, 2929 49 L.Ed.2d 859 (1976)] (joint opinion).

The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself."

We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," *Gregg v. Georgia, supra,* at 173 [96 S.Ct. at 2925] (joint opinion), proscribed by the Eighth Amendment

\* \* \* \* \* \*

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

This opinion need not pause to invoke the numerous post-*Estelle* authorities that demonstrate the obvious poverty of Jackson's Complaint in approaching, let alone meeting, that standard.[3]

Jackson's Complaint is clearly "frivolous" in the legal sense defined by such cases as *Williams.* Leave to file in forma pauperis is denied.[4]

**2.** Last week's newspapers carried an account of a new laser technique that, though the equipment is extremely expensive, was being considered seriously by the dental profession—only the most recent of its never-ending efforts to change the persistent (albeit no longer accurate) image of dentists as inflicters of pain on their patients.

**3.** Jackson also says defendants have violated the consent decree in *Cook v. Rowe,* 76 C 2244 by not affording him access to the dental office at Stateville. This Court has not troubled to check

that assertion, because even if it were true defendants' failure to comply with contractual undertakings (even though embodied in a court order) would not ground a Section 1983 claim unless that failure also implicated constitutional rights.

**4.** If Jackson is minded to scrape up the filing fee to place his Complaint on file, he should not waste the money. It would be doomed to failure for the same reasons as stated in this opinion.