TOMMIE LEE ROGERS, Plaintiff-Appellant, v. THE PRISONER RE-VIEW BOARD *et al.*, Defendants-Appellees.

Third District   No. 3—88—0402

Opinion filed April 20, 1989.

Tommie Lee Rogers, of Joliet, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The *pro se* plaintiff, Tommie Lee Rogers, appeals from an order of the circuit court of Will County dismissing his petition for a writ of *mandamus.* The defendants in this case are the Illinois Prisoner Review Board, the State of Illinois and Warden Michael O'Leary. Rogers, an inmate at the Stateville Correctional Center, sought an order to compel the defendants to compute his release date according to the day-for-day good conduct provisions set forth in section 3—6—3 of the

Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—3).

Rogers was sentenced on April 25, 1973, to an indeterminate sentence ranging from 25 to 50 years for the offense of murder. After his incarceration, the defendants computed Rogers' release date under the compensatory and statutory good conduct credit system then in place (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—3). On February 1, 1978, section 3—6—3's new good conduct credit provision took effect (Ill. Rev. Stat. 1979, ch. 38, par. 1003—6—3). It abolished the old compensatory and statutory good conduct credit system. (*Simpson v. Irving* (1981), 99 Ill. App. 3d 176, 425 N.E.2d 62.) Nevertheless, the defendants continued applying the pre-1978 system in computing Rogers' mandatory release date.

Rogers contends that the current section 3—6—3 mandates that the defendants use the post-1978 day-for-day system in computing his good-time credits. Section 3—6—3 now provides that for each day in prison, a prisoner shall receive one day of good conduct credit against his period of incarceration. Rogers argues that he would be entitled to immediate release if the day-for-day system, rather than the pre-1978 system, were used to compute his mandatory release date. He argues further that the more beneficial of the two good conduct credit systems should be applied to calculate his good-time credits earned after February 1, 1978. *Johnson v. Franzen* (1979), 77 Ill. 2d 513, 397 N.E.2d 825.

■ The defendants filed an affidavit in support of their motion to dismiss Rogers' petition for a writ of *mandamus*. In the affidavit, Michael Keolikiewicz, records supervisor of the Stateville prison, stated that "Rogers is under the compensatory and statutory system. Under this system Rogers would be released by mandatory release on April 18, 1992 ***. If he was converted to the day for day system, his out date would be April 27, 1995. He would receive a longer sentence under the day for day system."

Attached to the affidavit were copies of the compensatory plan and the day-for-day conversion worksheet used to compute Rogers' release date. We find that the affidavit responded to Rogers' claim with the needed specificity to support a motion to dismiss. See *Simpson v. Irving* (1981), 99 Ill. App. 3d 176, 425 N.E.2d 62.

■ *Mandamus* is an appropriate remedy to compel the Department of Corrections to follow its own regulations. (*Taylor v. Franzen* (1981), 93 Ill. App. 3d 758, 417 N.E.2d 242.) However, the petitioner must show he has a clear legal right to the writ. (*People ex rel. Sanitary District v. Schlaeger* (1945), 391 Ill. 314, 63 N.E.2d 382.) The

granting of this extraordinary writ rests within the discretion of the trial court. *McRell v. Jackson* (1977), 49 Ill. App. 3d 86, 363 N.E.2d 940.

The Illinois Supreme Court in *Johnson v. Franzen* required that the day-for-day system be used in computing a prisoner's good-time credits after February 1, 1978. Later cases have explained, however, that for any prisoner sentenced prior to the effective date of the day-for-day system, the more beneficial of the two good conduct credit systems should be applied to the post-February 1, 1978, period of incarceration. *Williams v. Irving* (1981), 98 Ill. App. 3d 323, 424 N.E.2d 381.

The pre-1978 scheme can at times be more beneficial to certain inmates sentenced prior to 1978. Under the pre-1978 formula, inmates are eligible to receive statutory good-time credits at a progressive rate during their first six years of incarceration until they reach an annual maximum of six months of good-time credit in the sixth year of their prison term. During the sixth year and each subsequent year of imprisonment, an inmate is eligible for a maximum of six months' statutory good-time credit annually. (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—3.) "Therefore, under the pre-1978 system, an inmate could earn *in effect* 'day-for-day' statutory good time credit during that part of his sentence which exceeded five years, *plus* compensatory good time credit at a rate of 7 and ½ days per month for participation in work programs." (Emphasis in original.) (*Barksdale v. Franzen* (7th Cir. 1983), 700 F.2d 1138, 1140.) The post-1978 scheme on the other hand allows only day-for-day credit with no credit for participation in work programs. (See *Partee v. Lane* (N.D. Ill. 1981), 528 F. Supp. 1254.) For this reason, the pre-1978 scheme is more beneficial for some prisoners.

The procedure followed by the defendants in this case in determining which system would be more beneficial to Rogers is essentially the same as that upheld in *Williams v. Irving*. In the instant case, the defendants initially calculated Rogers' projected mandatory release date as it would be under the day-for-day system. In order to apply the day-for-day system, the defendants first had to apply the pre-1978 scheme on a *pro rata* basis to determine how much of Rogers' sentence remained to be served as of February 1, 1978. (*Williams v. Irving* (1981), 98 Ill. App. 3d 323, 424 N.E.2d 381.) The defendants therefore determined how much actual time Rogers had served prior to February 1, 1978. Next, they determined how much statutory good-time credit he had earned, based upon the amount of time he had actually served prior to February 1, 1978. Rogers was

credited for this *pro rata* share of statutory good time and he was also credited with any compensatory good time he had earned prior to February 1, 1978. These figures were then added together to arrive at the total time credit figure for the time Rogers served before February 1, 1978. This total time credit figure was then subtracted from Rogers' court-imposed maximum sentence to determine how much time remained to be served on his sentence as of February 1, 1978. The result of this calculation was that as of February 1, 1978, Rogers had 38 years and 2 months left to serve on the maximum end of his 25- to 50-year indeterminate sentence.

The defendants then calculated Rogers' mandatory release date by applying the potential good-time credits to be earned after February 1, 1978, under the day-for-day system currently prescribed by section 3—6—3 of the Code. In applying this credit the defendants multiplied by one-half the plaintiff's remaining maximum sentence of 38 years and 2 months to arrive at the figure of 19 years and 1 month, which represents the amount of time left to be served after the day-for-day credit is applied. This figure would place Rogers' mandatory release date in 1997. However, the defendants further credited Rogers with one year, four months and five days for meritorious good-time credit (Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—3(a)(3)), which is available to a prisoner who exhibits extraordinarily good behavior. The defendants then applied yet another credit of six months. This six-month credit is given to a prisoner with an indeterminate sentence who has never been paroled and is nearing his maximum release date. (Ill. Rev. Stat. 1987, ch. 38, par. 1003—3—3.) After applying these credits, the defendants determined that under the post-1978 day-for-day system Rogers' projected mandatory release date would be April 27, 1995.

The defendants continued following the procedure approved in *Williams v. Irving*, by comparing the release date under the day-for-day system with the projected release date as it would be if the pre-1978 system continued to apply after February 1, 1978. The defendants determined that the continued application of the pre-1978 system would be more beneficial to Rogers, because after 1978 he would receive six months of statutory good-time credit for each year served, which is in effect "day-for-day" credit, plus he would receive up to 90 days per year compensatory good-time credit for work participation, which is unavailable under the post-1978 system. (*Barksdale v. Franzen* (7th Cir. 1983), 700 F. 2d 1138.) Applying the pre-1978 system resulted in a release date of April 18, 1992, which was considerably earlier than the alternative date of April 27, 1995.

██ Rogers does not set forth any facts which would establish his right to a writ of *mandamus*. We cannot find any error or prejudice to Rogers in the calculations made by the defendants. Rogers' only basis for his argument that the defendants' calculations are wrong or prejudicial is his statement that he is entitled to 20 years and 160 days of credit since 1978 and that he should therefore be immediately released. Since Rogers apparently does not dispute the fact that 38 years and 2 months remained to be served on his maximum sentence after February 1, 1978, it is unclear why he believes he is entitled to immediate release. Day-for-day credit does not accrue or vest until the prisoner actually serves the applicable time with good behavior. (*Williams v. Irving* (1981), 98 Ill. App. 3d 323, 424 N.E.2d 381.) Accordingly, as of February 1, 1989, if the day-for-day system were applied, Rogers would have 16 more years (less potential good-time credit, meritorious good-time credit and mandatory time credit) to serve on his maximum sentence. Under these circumstances, we find that the trial court correctly denied Rogers' petition for a writ of *mandamus*.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.