Simon **ARNOLD, Jr.,** Plaintiff,

v.

**ILLINOIS PRISONER REVIEW BOARD,** Defendant.

No. 90 C 5698.

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1990.

Simon Arnold, Jr., pro se.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's October 15, 1990 memorandum opinion and order (the "Opinion") granted leave to Simon Arnold, Jr. ("Arnold") to file his pro se petition (the "Petition") under 28 U.S.C. § 2254 ("Section

2254") without prepayment of the filing fee, but dismissed the Petition without prejudice to its future refiling if and when Arnold cured the nonexhaustion problem identified in the Opinion. Arnold has since then tendered:

> 1. a timely motion (filed November 1) to reconsider the Opinion and

> 2. a proposed *new* Section 2254 petition (the "New Petition") filed November 20, advancing precisely the same substantive grounds as the Petition but also disclosing, in the portion of the Section 2254 form that asks about prior filings, the filing and dismissal of the Petition and the pendency of the motion to reconsider.

For the reasons stated in this memorandum opinion and order:

> 1. Arnold's motion to reconsider the Opinion is denied.

> 2. Arnold is granted leave to file the New Petition, but that too is dismissed summarily without prejudice to its future refiling if and when Arnold cures the same nonexhaustion problem that was referred to in the Opinion and is elaborated somewhat here.

As a quick review of the Opinion will disclose, it was based not on any perceived deficiency in Arnold's *substantive* allegations—which the Opinion did not analyze on the merits at all—but rather because the Petition was perceived as "mixed" within the scope of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (*Rose* calls for the dismissal of petitions for federal habeas corpus relief that contain both (1) claims that have been and (2) claims that have not been exhausted in the state courts by the invocation of every available state court remedy). More specifically, the Opinion pointed to our Court of Appeals' specialized application of that *Rose* doctrine to Illinois prisoners who seek to challenge actions of the state parole authorities—*United States ex rel. Johnson v. McGinnis,* 734 F.2d 1193, 1198 (7th Cir. 1984).

Arnold's motion to reconsider has accurately identified *Crump v. Illinois Prisoner Review Board,* 181 Ill.App.3d 58, 129 Ill.Dec. 825, 536 N.E.2d 875 (1st Dist.1989) as calling into question the decision in *Johnson.* In that respect it must be remembered that the scope of Illinois post-conviction remedies—whether by direct review or under the Illinois Post–Conviction Act or via mandamus or through some other avenue of review—extends to what the *Illinois* courts say about that scope, and not (1) what any federal court says about that scope or even (2) what any federal court says about what the Illinois courts have said about that scope. It was precisely because mandamus seemed to this Court to be a questionable remedy under the then-existing Illinois cases for an inmate attempting to complain about the denial of his parole request that this Court, in what it believed to be a faithful response to Seventh Circuit case law under Section 2254, had held that there was no need for such an inmate to pursue the possibility of mandamus in order to exhaust state remedies (*United States ex rel. Johnson v. McGinnis,* 571 F.Supp. 270 (N.D.Ill.1983)). But on appeal our Court of Appeals disagreed entirely, resolving a then-existing split among district courts within the circuit (*Johnson,* 734 F.2d at 1196–1200), and this Court is of course duty bound to follow that decision.

Post–*Johnson* developments appear to have confirmed this Court's view of the murkiness of the Illinois mandamus jurisprudence in this area. It is quite true that *Crump* rejects the appropriateness of mandamus as "the appropriate remedy to redress every alleged unconstitutional denial of parole in Illinois" (181 Ill.App.3d at 62, 129 Ill.Dec. at 828, 536 N.E.2d at 878), having rejected en route to that conclusion the petitioner-inmate's attempted reliance on *Johnson* (*id.* at 61, 129 Ill.Dec. at 827–28, 536 N.E.2d at 877–78). But precisely one month after *Crump* was handed down, another decision by a different district of the Illinois Appellate Court expressly came to a quite different result, in response to another prisoner's challenge to a determination by the Prisoner Review Board (*Rogers v. Prisoner Review Board,* 181 Ill. App.3d 1039, 1041, 130 Ill.Dec. 777, 778, 537 N.E.2d 1106, 1107 (3d Dist.1989)):

*Mandamus* is an appropriate remedy to compel the Department of Corrections to follow its own regulations.

In support of that proposition *Rogers* cited *Taylor v. Franzen,* 93 Ill.App.3d 758, 48 Ill.Dec. 840, 417 N.E.2d 242 (5th Dist.1981), a case that *Crump* had also cited as an example of the *proper* use of mandamus to deal with claimed constitutional violations by inmates complaining of Prisoner Review Board actions.

Talk about "mixed" petitions! Here we are clearly dealing with mixed messages from the Illinois courts. Were this Court writing on a clean slate, it would therefore still prefer to apply to mandamus the same approach that has been taught by our Court of Appeals as to when exhaustion of the Illinois post-conviction remedy is required—as *Johnson,* 734 F.2d at 1198 (citation omitted) put it:

> As stated earlier, the reason we imposed the firm rule of finding a "direct precedent" before directing habeas corpus petitioners to exhaust the Illinois post-conviction remedy was because the Illinois courts, in interpreting the post-conviction statute in light of res judicata and waiver doctrines, had "rendered efforts to obtain post-conviction relief futile in many instances" such that there was "the near certainty" that no Illinois court would consider the constitutional claim unless there was direct precedent indicating they would.

But the different teaching of *Johnson* as to mandamus is clear. And the application of that teaching to Arnold's situation is equally clear. At least some of Arnold's claims assert that the Prisoner Review Board has violated both the operative Illinois statutes and its own rules governing the granting or denial of parole and has thus violated Arnold's constitutional rights.[1] Certainly under *Rogers* (and perhaps under the cases distinguished by *Crump* as well) that kind of contention could arguably qualify for mandamus re-

lief, and *Johnson* says that Arnold must travel that route first.

Accordingly Arnold's thoughtful motion for reconsideration of the Opinion must be and is denied. In addition, his New Petition for a writ of habeas corpus is also dismissed without prejudice for his failure to exhaust state court remedies. Arnold's renewed motion for appointment of counsel is denied as moot.

---

1. Other claims by Arnold go beyond that and would appear to qualify in exhaustion-of-state-remedies terms (for example, Arnold says that he was denied parole in retaliation for his prior

exercise of his legal rights). But the command of *Rose* is that *any* unexhausted claim requires the entire Section 2254 petition to be dismissed.