**Larry RIAL, Plaintiff,**

v.

**Kenneth McGINNIS, et al., Defendants.**

**No. 91 C 16.**

United States District Court,
N.D. Illinois, E.D.

Jan. 16, 1991.

---

Larry Rial, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Larry Rial ("Rial") seeks leave to file his pro se Complaint under 42 U.S.C. § 1983 ("Section 1983") without payment of the filing fee. For the reasons stated in this memorandum opinion and order, such leave is denied and this action is dismissed.

Every pro se litigant seeking permission to proceed in forma pauperis has two potential barriers to cross before his or her formal entry into the federal courthouse:

1. an appropriate showing of poverty and

2. the presentation of a claim that is non-"frivolous" in the legal sense defined by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), even when it is given the generous reading that case requires.

Rial has no problems with the first of those requirements,[1] but he founders at the second step on all seven of the counts that he seeks to advance.

### *"Habeas"–Type Claims*

Four of Rial's claims sound essentially in the nature of petitions for habeas corpus relief. This opinion will address

---

1. Rial has only 41 cents in his prison trust account at Stateville Correctional Center ("Stateville"), and his financial affidavit that accompanies the Complaint lists no other assets of any kind. Finally, all that affidavit shows in terms of money received during the past 12 months are sporadic gifts from family or friends.

those claims first, then turn to the more conventional Section 1983 counts.

Complaint Count 1 contends that Rial should be receiving 90 days of meritorious good time for each of the three sentences he is now serving (rather than just one 90–day credit for the three cases together). As part of his requested relief, Rial urges that this Court (1) order the Illinois legislature to repeal the statute that allows the Illinois Department of Corrections ("IDOC") to consolidate felony cases [2] and (2) order IDOC to give felons the opportunity to earn 90 days of meritorious good time on each of their sentences.

In a related area, Complaint Count 3 asserts discrimination by the Illinois General Assembly in having specified who can and who cannot earn additional meritorious good time. Rial asks this Court to order that all felons be allowed the right (or at least the opportunity) to earn additional meritorious good time.

Complaint Count 4 charges that a recent Illinois statute is discriminatory because certain inmates, due to the crimes for which they are incarcerated, cannot earn 52 days a year of good time for attending school or other educational classes. Rial asks this Court to order that all felons be allowed the right (or again at least the opportunity) to earn that additional meritorious good time.

Finally in this "habeas"-type category of claims, Complaint Count 7 charges that the Illinois mandatory supervised release law is improper, illegal and unconstitutional because it operates to force an inmate to serve more time than the period to which he was actually sentenced.[3] Rial urges this Court to order that all felons be credited with the time they must serve on parole when they begin to serve their sentence, so that they will be released in time to serve their parole terms without going over the sentence imposed by the court.

All four of those claims may be grouped together for analytical purposes, for each of them seeks relief that would effectively reduce the term of Rial's confinement—and a state prisoner can obtain such relief from a federal court only by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") (*Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Hanson v. Heckel*, 791 F.2d 93 (7th Cir.1986)). Just as importantly for present purposes, before any such state prisoner may proceed even with such a petition, he must exhaust his state judicial remedies (Section 2254(b); *Graham v. Broglin*, 922 F.2d 379, 380, 381 (7th Cir.1991)).

In this instance, other than Rial's filing of grievances with the prison administration (a step that does *not* satisfy the Section 2254(b) mandate that all available state *judicial* remedies be exhausted), he has made no showing of any attempt to invoke the available state remedies (see generally *Rogers v. Prisoner Review Board*, 181 Ill. App.3d 1039, 1041, 130 Ill.Dec. 777, 778, 537 N.E.2d 1106, 1107 (3d Dist.1989); *Crump v. Illinois Prisoner Review Board*, 181 Ill.App.3d 58, 129 Ill.Dec. 825, 536 N.E.2d 875 (1st Dist.1989); *Freeman v. Lane*, 129 Ill.App.3d 1061, 1064, 85 Ill.Dec. 216, 218, 473 N.E.2d 584, 586 (3d Dist. 1985)[4]). Rial simply cannot sustain any of his four already-described claims in this Section 1983 action.[5]

---

**2.** Although Rial does not specifically identify this or any of the other state statutes that he targets in his Complaint, that is really unnecessary for the resolution of the issues dealt with in this opinion. Nor is it necessary to spell out Rial's total misperception of the principles of federalism *and* of the separation of powers, as disclosed by his bizarre prayer for relief just described in the text.

**3.** Because this opinion next explains that the Count 7 claim for relief also effectively sounds in habeas corpus, this Court need not pause to refute Rial's convoluted logic (or more accurately his lack of logic).

**4.** Of course a state court is just as competent as a federal court to entertain federal constitutional claims. Thus Rial's exhaustion of his state remedies can also simultaneously tender to the state courts for decision any of the contentions that he proffers in his current Complaint.

**5.** By definition this Court's rejection of those claims in the current context is without prejudice to Rial's right to seek relief via habeas corpus after he has exhausted his state remedies. This opinion expresses no view as to the *substantive* viability of any of those claims, of course.

### Complaint Count 2

■ Rial's Complaint Count 2 urges that he, as a class X felon, is denied the opportunity to participate in work release programs. To be sure, *Graham,* 922 F.2d at 381 has just characterized a suit challenging a work release program as one attacking the prisoner's conditions of confinement, so as to come within the scope of Section 1983.

But Rial's invocation of the appropriate remedy does not equate to the obtaining of *relief* via that remedy. This Court agrees with *Fuller v. Lane,* 686 F.Supp. 686, 688 (C.D.Ill.1988), which specifically held that the Illinois statute governing work-release programs does not automatically create a liberty interest in obtaining work release, but rather entrusts to prison officials the discretion to decide who should receive work release assignments. And in the officials' exercise of that discretion it is certainly permissible for them to consider an inmate's criminal history to determine his suitability for work release (*id.* at 691). Accord, such cases as *Winsett v. McGinnes,* 617 F.2d 996, 1005 (3d Cir.1980) (en banc); *Lovelace v. Gramley,* No. 85 C 4215 (C.D.Ill.), *aff'd by unpublished order,* 920 F.2d 935 (7th Cir.); cf. *Joihner v. McEvers,* 898 F.2d 569, 571–73 (7th Cir. 1990) (Illinois statutes do not create protectible liberty interest in prisoner's being assigned to a work camp); see *Finley v. Staton,* 542 F.2d 250, 251 (5th Cir.1976) (per curiam).

### Complaint Count 5

■ Rial's Complaint Count 5 asserts that he and other inmates are being denied preventive dental care because a dental hygienist has not been on the Stateville staff since about August 1, 1990, and he has not had his teeth cleaned recently. But as Count 5 ¶ 65 recognizes, the only potential source of a Section 1983 remedy for that claimed deprivation is if it can somehow be categorized as "cruel and unusual

punishment" within the prohibition defined by the Eighth Amendment.[6]

Here Rial does not allege any pain, injury or ongoing serious dental problem that is not being treated. There is simply no way in which his grievance rises to the level of evidencing deliberate indifference to a serious medical need, the Eighth Amendment standard articulated by *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This Court can do no better than to repeat its ruling on the selfsame claim when it was asserted by one of Rial's fellow prisoners at Stateville in *Jackson v. Lane,* 688 F.Supp. 1291, 1291– 92 (N.D.Ill.1988) (footnote 1 omitted):

> This does not—repeat not—state an Eighth Amendment claim. It is part of our folklore that too many people perceive a visit to the dentist as "cruel and unusual punishment."[2] In William Goldman's *Marathon Man,* the ex-Nazi concentration camp official (marvelously played in the screen version by Sir Laurence Olivier)—a dentist by trade—used his dental drill (employed without anesthesia) as the means of inflicting the most exquisite torture on his victims. Jackson's Complaint seeks to turn such matters on their head, for he claims that his lack of access to a dental hygienist implicates "cruel and unusual punishment"—the Eighth Amendment's prohibition.

> [2] Last week's newspapers carried an account of a new laser technique that, though the equipment is extremely expensive, was being considered seriously by the dental profession—only the most recent of its never-ending efforts to change the persistent (albeit no longer accurate) image of dentists as inflicters of pain on their patients.

### Complaint Count 6

■ Finally, Rial's Complaint Count 6 alleges that on May 1, 1990 he requested permission to buy a television with a videotape machine built into it. After that request was denied Rial took the matter to

---

**6.** As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the Eighth Amendment's underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

the Institutional Inquiry Board, where he explained that the television set he wanted would simply play videotapes and would not record programs at all, and that he wanted the video player so that he could take educational courses that involved viewing certain videotapes. Rial contends that he is thus being denied his right to education.

Ill.Admin.Code tit. 20, ch. 1, § 535.30(e) provides:

> Committed persons may not possess recording devices as personal property except at community correctional centers, but may use them on location when required in academic or vocational programs and such use is approved by the facility.

Because Stateville is not a "community correctional center," state law gives Rial no property right to the ownership of any recording device. Nor does any inmate such as Rial have a constitutional right to educational, rehabilitative or vocational programs (*Garza v. Miller*, 688 F.2d 480, 486 (7th Cir.1982) and cases cited there; *Buffington v. O'Leary*, 748 F.Supp. 633, 634 (N.D.Ill.1990)).

### Conclusion

In sum, this Court finds no arguable legal basis for Rial's advancing any of his claims under Section 1983, and it denies Rial's motion for leave to file in forma pauperis. In accordance with the procedure prescribed by *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir. 1988), this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(d).[7] In addition Rial is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed. R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Rial should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed.R.App.P. 38).[8]

---

7. As already stated, the dismissal of Counts 1, 3, 4 and 7 as part of this lawsuit's total dismissal is solely attributable to the fact that those claims are being asserted under Section 1983. Nothing said or done here forecloses the possibility of Rial's future presentation of those claims in

habeas corpus terms if and when Rial satisfies the preconditions to his doing so.

8. This opinion of course moots Rial's contemporaneous request for the appointment of counsel.