42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie J. TAYLOR, Plaintiff-Appellant,
v.
Dr. CHRISTAIN, et al. Defendants/Appellees.
 No. 94-1050.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1994.*
Decided Dec. 7, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Willie Taylor appeals from the dismissal pursuant to 28 U.S.C. Sec. 1915(d) of his civil rights action, 42 U.S.C. Sec. 1983, alleging that the dental policy of the Dixon Correctional Center (Dixon, Illinois) violates the prohibition against cruel and unusual punishment. Taylor states that in April, 1993, he requested that his teeth be cleaned but was informed that the Dixon Correctional Center did not provide routine dental cleaning. The district court dismissed Taylor's claim as frivolous and denied Taylor leave to file in forma pauperis. Taylor appeals.
 
 
 2
 We review dismissals under Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); We affirm where, as here, we can deduce no rational argument in law or fact that would entitle the litigant to relief. Neitzke v. Williams, 490 U.S. 319 (1989). To state a claim for relief under Sec. 1983, deliberate indifference to serious medical needs must be alleged. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Mere negligence or medical malpractice does not violate the Constitution. Estelle, 429 U.S. at 104-06; Holmes v. Sheahan, 930 F.2d 1196, 1200 (7th Cir.1991); Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir.1990). Taylor's complaint does not allege any serious dental problems needing immediate treatment. Only in his brief on appeal does he claim to have brought to the attention of the prison authorities pain in his teeth and bleeding gums, symptoms, he asserts, indicative of gum disease. Absent an allegation of an ongoing serious dental problem, Taylor's allegation, only a denial of routine dental care, does not constitute a constitutional violation. See Rial v. McGinnis, 756 F.Supp. 1070, 1073 (N.D.Ill.1991); Jackson v. Lane, 688 F.Supp. 1291, 1291-92 (N.D.Ill.1988) (denial of teeth cleaning is not cruel and unusual punishment). Accordingly, we AFFIRM the district court's dismissal of this action.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Taylor has made such a request. After considering that statement, the brief and the record, the request for oral argument is denied and the appeal is submitted on the brief and the record