WILLIAM MARRERO, Plaintiff-Appellant, v. HOWARD A. PETERS III *et al.*, Defendants-Appellees.

Fourth District   No. 4—91—0600

Opinion filed June 4, 1992.

William Marrero, of Pontiac, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, William Marrero, appeals from an order of the Livingston County circuit court denying his complaint for a writ of *mandamus*. On appeal, he argues the court-appointed public defender rendered ineffective assistance of counsel during the *mandamus* proceedings in the circuit court. We affirm the circuit court's denial of the writ.

In June 1991, plaintiff, an inmate at the Pontiac Correctional Center (Pontiac), filed a *pro se* motion seeking a writ of *mandamus*. He named Howard Peters, warden at Pontiac, the Prisoner Review Board, and Kenneth McGinnis, Director of the Illinois Department of Corrections (DOC), as defendants. Plaintiff's complaint alleged the defendants approved the recommendation of a prison adjustment committee and revoked one year of his good conduct credits following a disciplinary hearing.

The credits were revoked because the committee determined plaintiff engaged in intimidation, threats, assaults, fighting and insolence in a June 1990 incident involving a prison guard. He entered a not guilty plea at the disciplinary hearing. Although plaintiff admitted being present while another inmate fought with a guard, he denied involvement in any physical or verbal confrontation. Plaintiff's complaint alleged he violated no rules, the evidence presented at the disciplinary hearing was circumstantial and conflicting, and the revocation procedure violated his fourteenth amendment due process rights.

Plaintiff alleged a statutory right not to have good conduct credits revoked except in accordance with due process of law. He contended the defendants owed him a mandatory, nondiscretionary duty not to revoke good conduct credits except through a procedure complying with due process requirements. He alleged the defendants violated this duty. He also alleged a right to have his record expunged and credits restored, because the disciplinary hearing allegedly violated due process standards. He alleged the defendants owed a duty to expunge his record and they failed or refused to do so. We note plaintiff's complaint does not specify how his due process rights were violated.

Plaintiff sought a writ of *mandamus* ordering the defendants to restore his good conduct credits, expunge DOC records and hold a hearing conforming to due process standards to determine if there was a basis for the allegations against him and to determine whether his good conduct credits should be revoked.

DOC's administrative review board reviewed plaintiff's grievance and all available information regarding the altercation and disciplinary hearing. The panel stated it was satisfied there had been compliance

with procedural due process safeguards and believed defendant committed the infractions. The review board denied plaintiff's grievance.

On July 1, 1991, the circuit court, at plaintiff's request, appointed the Livingston County public defender to represent him. The court set the cause for hearing by telephone conference on July 29, 1991.

On July 22, 1991, the State filed a motion to dismiss plaintiff's *mandamus* complaint. The State argued *mandamus* was not an appropriate forum for litigation of due process claims. The State argued *mandamus* issues only where a prisoner has a clear right to the relief sought. A constitutional duty can be compelled only after the duty has been established. Plaintiff failed to establish the existence of the duties he alleged defendants owed. Even if defendants did owe him a duty, plaintiff failed to adequately allege violation of any due process right.

Following the telephone conference, the court issued a written order, in August 1991 denying plaintiff's complaint, stating:

> "[T]he court finds that the plaintiff is unable to clearly show that the defendants have failed to perform those duties imposed upon them by regulation, statute, or case-law authority, but merely that he is dissatisfied with the administrative determination made in his case and that the defendants improperly exercised their judgment or discretion in a manner inconsistent with the law."

This *pro se* appeal followed.

Plaintiff contends he was denied effective assistance of counsel because the public defender never contacted or interviewed him, investigated the allegations in his complaint, filed an answer to the State's motion to dismiss, informed him the State had filed a motion to dismiss, or appeared in court to argue his case. He claims counsel's performance was so lacking it constituted a complete denial of counsel at a critical proceeding.

■ Plaintiff's claim of ineffective assistance of counsel is without merit. The sixth amendment of the United States Constitution states, in part: "In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." (U.S. Const., amend. VI.) This constitutional right to counsel applies only in criminal cases. "Complaints for writs of *mandamus* *** are civil in nature. Consequently, indigent prisoners do not have a constitutional right to the appointment of counsel in such cases." *Doherty v. Caisley* (1984), 104 Ill. 2d 72, 76, 470 N.E.2d 319, 321.

The circuit court may, in its discretion, appoint counsel to represent an indigent prisoner in a *mandamus* proceeding. The circuit court in this case,

> "in the exercise of its discretion, appointed [the Livingston County public defender] to represent the indigent plaintiff \*\*\* pursuant to *Tedder v. Fairman*, 92 Ill. 2d 216 (1982) \*\*\*. This was done [to] insure that the plaintiff would have 'meaningful access' to the trial court so that the *pro se* plaintiff would have someone to articulate the legal issues involved in this proceeding."

The court dismissed the public defender *after* denying plaintiff's complaint because "plaintiff has demonstrated through the pleadings he has filed that he can adequately present the issues in question should there be an appeal of this ruling."

■ In *Tedder v. Fairman* (1982), 92 Ill. 2d 216, 227, 441 N.E.2d 311, 315-16, the supreme court stated:

> "[O]nce a circuit court, in its discretion, has determined that appointment of the public defender is appropriate to represent an indigent prisoner, limited to a grievance relating to the conditions of his confinement, then that assistant public defender is expected to exercise due diligence in proceeding with the assigned case."

■ The inquiry is whether the public defender in this case exercised due diligence in representing the plaintiff. We believe the supreme court's reference to due diligence in *Tedder* is an admonition to counsel to go forward in good faith. The plaintiff in this case prepared a clear and understandable complaint seeking *mandamus*. His court-appointed attorney appeared before the circuit court, via a telephone conference, and argued his position. While we generally expect counsel to consult with a client, we cannot conclude, given the circumstances of this case, the public defender's performance fell below the due diligence standard.

Even were we to conclude the public defender did not exercise due diligence in his representation of the plaintiff, there is no remedy available to plaintiff on appeal. If this were a criminal proceeding and counsel's performance did not meet the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, we would reverse and remand for further proceedings. But *mandamus* is a civil action in which there is no constitutional right to counsel. Thus, we would be unable to provide any remedy on appeal.

The order of the circuit court dismissing plaintiff's *mandamus* complaint is affirmed.

Affirmed.

COOK and LUND, JJ., concur.