RICHARD WEST, Plaintiff-Appellant, v. RICHARD B. GRAMLEY *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0424

Opinion filed June 2, 1994.

Richard West, of Pontiac, appellant *pro se.*

No brief filed for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Richard West appeals from the circuit court of Livingston County's dismissal of his amended complaint for *mandamus*. He contends dismissal of his petition was erroneous. We agree and reverse.

West, a prisoner incarcerated in the Pontiac Correctional Center, has several grievances. He claims those grievances have not been addressed due to the failure of the defendants to comply with the grievance procedure of the Department of Corrections (Department).

He seeks to compel defendants to perform their duties with respect to his grievances.

The Department is responsible for investigating the grievances of prisoners. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—2—2(h).) The Department has the authority and obligation to establish procedures to review the grievances of prisoners. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—8(a).) The prisoners must be informed of the grievance procedure established by the Department. Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—8(d).

The Department's procedure for the resolution of grievances is set forth in title 20, sections 504.800 through 504.870, of the Illinois Administrative Code (Administrative Code) (20 Ill. Adm. Code §§ 504.800 through 504.870 (1991)). A disgruntled prisoner must first attempt to informally resolve incidents, problems, or complaints through his counselor. If the prisoner is unable to resolve his complaint through this informal means, he may file a written grievance. (20 Ill. Adm. Code § 504.810(a) (1991).) The written grievance is to be addressed to the grievance officer. (20 Ill. Adm. Code § 504.810(b) (1991).) The grievance officer must consider the grievance and report his findings and recommendations, in writing, to the chief administrative officer (CAO) within 15 working days, if possible, after the grievance is received by the grievance officer. 20 Ill. Adm. Code § 504.830(c) (1991).

The CAO shall advise the prisoner of the decision, in writing, within 10 working days, if possible, after receiving the grievance officer's report. (20 Ill. Adm. Code § 504.830(c) (1991).) If, after receiving the response of the CAO, the prisoner still feels the grievance has not been resolved to his satisfaction, he may appeal, in writing, to the Director of the Department, within 30 days of receipt of the CAO's response. (20 Ill. Adm. Code § 504.850(a) (1991).) The Director must review the grievance and the responses of the grievance officer and the CAO and determine whether the grievance requires a hearing before the administrative review board. If it is determined the grievance is without merit or can be resolved without a hearing, the prisoner must be informed of this disposition. 20 Ill. Adm. Code § 504.850(b) (1991).

West alleged that while confined in the correctional facility correctional officials failed to provide him with certain supplies which he had a right to receive. Specifically, West alleges he was not provided with paper, envelopes, toothpaste, or cleanser. West began reporting these grievances to his counselor in April 1992. The counselor instructed West to make another request for supplies with respect to some of the grievances. With respect to other grievances, the

counselor asked the correctional officer in charge of distributing the supplies why West had not received supplies. He was told they were distributed upon request, West had made no request for supplies and had therefore not received any, but they would be given to him if he made such a request.

West contends he was dissatisfied with this resolution of his grievances, and in May 1992 began to send written grievances to the grievance officers. No report of grievance officers' findings and recommendations was submitted to the CAO and the CAO, consequently, did not issue a written decision with respect to the grievances.

When, on September 8, 1992, West had still received no response from the grievance officers or the CAO, with respect to written grievances filed on May 15, 1992, May 27, 1992, July 7, 1992, and August 28, 1992, West filed written grievances with the administrative review board. However, the administrative review board refused to hear West's grievances until the grievance officers investigated them and issued findings and recommendations and the CAO reached a decision regarding them.

West filed a complaint for *mandamus* against Richard P. Gramley, the CAO, as well as Robbin Christian and Verna Hutchinson, the grievance officers. West alleged he was unable to exercise his right to have his grievances addressed due to the failure of Christian and Hutchinson to investigate his grievances and issue their findings and recommendations and Gramley to issue his decision regarding the grievances. West requested the court to compel Christian, Hutchinson and Gramley to perform these duties.

Although not required to do so, the trial court, in the exercise of its discretion, appointed counsel for West, to ensure he received meaningful access to the court. (*Tedder v. Fairman* (1982), 92 Ill. 2d 216, 226, 441 N.E.2d 311, 315.) West continued to file *pro se* pleadings with the court, including an amended petition for *mandamus*.

West filed a motion for summary judgment. Defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619). The defendants requested dismissal of West's petition, alleging no investigation had been made, and no reports issued for the reason that West had submitted no written grievances to the grievance officers. An affidavit in support of this contention was attached. The defendants attached an additional affidavit, stating the photocopies of the grievances, attached to the complaint, were not true and correct photocopies as they depicted only one side of the grievance form.

West filed an amended complaint for *mandamus*, attached to which were photocopies of the reverse side of the written grievance forms. He additionally filed a response to the motion to dismiss, accompanied by an affidavit in support of his petition.

The trial court dismissed West's amended complaint. The court noted:

> "5. *** It appears that each of these complaints concerning not being furnished with supplies by the Department of Corrections is frivolous and simply reflective of plaintiff's willingness to be a 'professional litigant,' and desires to sue the Department of Corrections every time he is not provided with 'instant gratification' as to his demands. ***
>
> 6. This court is unpersuaded that the reason for this litigation is any sincere contention on the part of plaintiff, Richard West, that he is being denied any type of fundamental rights while incarcerated in the Illinois Department of Corrections. Rather, this and other cases involving Mr. West demonstrate the boredom involving inmates in the Department of Corrections and the rather incredible access the court system has given to them, resulting in a flood of litigation so that legitimate grievances and problems are buried in a flood of trivial and non-meritorious litigation by other inmates.
>
> 7. The court recognizes that plaintiff, Richard West, may be able to demonstrate that the Department of Corrections has not responded within the statutory time frame concerning the series of grievances filed by him involved in this litigation. He seeks the issuance by this court of a Writ of Mandamus to respond to each of these grievances filed by him. The administrative cost to the Department of Corrections and the taxpayers of the State of Illinois has become rather incredible in dealing with litigation such as represented in this particular proceeding.
>
> 8. The court finds that the issues raised by plaintiff in this cause are frivolous and without merit, even if the Department of Corrections has not been timely in responding to these grievances."

The court ruled, as a matter of law, West was not entitled to a writ of *mandamus* and, accordingly, dismissed West's complaint. West appeals, alleging that in ruling upon a motion to dismiss a complaint for *mandamus*, the court is not to determine the merits of the case, but to determine whether the complaint sets forth a cause of action. West contends the trial court erred in dismissing his complaint for *mandamus* because the court found his grievances to be frivolous.

It appears from our review of this case the defendants filed a mo-

tion to dismiss upon one basis, and the trial court, ruling upon the motion, dismissed the case on a wholly different basis. Dismissal upon either basis was improper.

Although the defendants did not specify under which subsection of section 2—619 of the Code their motion to dismiss was brought, we regard the motion as filed pursuant to section 2—619(a)(9) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9)), as this is the only subsection arguably applicable to the case at bar. Section 2—619(a)(9) of the Code provides for the involuntary dismissal of a plaintiff's complaint on the ground the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. "Affirmative matter" within the meaning of section 2—619(a)(9) of the Code is something in the nature of a defense that negates an alleged cause of action completely or refutes critical conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. It must, however, be something more than evidence offered to refute a well-pleaded fact in the complaint as such well-pleaded facts must be taken as true. *Brown v. Morrison* (1989), 187 Ill. App. 3d 37, 39, 542 N.E.2d 1308, 1310.

The defendants allege West is not entitled to a writ of *mandamus* compelling the grievance officers and CAO to investigate his grievance, because he has submitted no grievance to be addressed. Under title 20, section 504.830(a), of the Administrative Code, the grievance officers are not required to investigate a grievance until such a grievance has been submitted to them. (20 Ill. Adm. Code § 504.830(a) (1991).) Thus, the uncontroverted fact West filed no grievance with the grievance officers might constitute an "affirmative matter" defeating his claim.

■ However, whether West submitted written grievances to the grievance officers is not uncontroverted. On the contrary, West, in his complaint, amended complaint, response to the motion to dismiss, and affidavit, consistently maintained he submitted written grievances to the grievance officers. The defendants, in their motion to dismiss and attached affidavit, contended no written grievances had been submitted.

Since well-pleaded facts must be taken as true and the "affirmative matter" must, therefore, be something more than evidence offered to refute a well-pleaded fact in the complaint, dismissal of West's complaint on the basis of defendants' affidavit refuting West's claim he submitted written grievances was improper. (See *Brown*, 187 Ill. App. 3d at 39, 542 N.E.2d at 1310.) On a motion to dismiss under section 2—619 of the Code, the court cannot weigh conflicting

affidavits. (*Etten v. Lane* (1985), 138 Ill. App. 3d 439, 445, 485 N.E.2d 1177, 1181-82.) The court must either hear the proof bearing on the material facts, or deny the motion without prejudice to the right of defendants to raise the subject matter thereof by answer. (*Etten*, 138 Ill. App. 3d at 446, 485 N.E.2d at 1182.) The trial court employed neither alternative and dismissal was, therefore, improper. *Etten*, 138 Ill. App. 3d at 446, 485 N.E.2d at 1182.

In dismissing the complaint, the trial court did not rely on the basis for dismissal set forth by defendants. Rather, the trial court dismissed West's complaint by ruling West was not, as a matter of law, entitled to a writ of *mandamus* to compel the grievance officers and CAO to address his grievances because the court found the grievances to be frivolous and without merit.

■ Dismissal on this basis is also improper. The court's opinion as to the frivolity or merit of the grievance does not constitute an "affirmative matter" permitting dismissal of the complaint. A writ of *mandamus* is a summary writ, issued by a court, commanding the officer to whom it is addressed to perform some specific duty which the plaintiff is entitled to have performed and which the officer owing the duty has failed to perform. (*People ex rel. Aramburu v. City of Chicago* (1966), 73 Ill. App. 2d 184, 194, 219 N.E.2d 548, 553.) Where an administrative official or board has arbitrarily failed to act, *mandamus* will lie to compel performance of a duty which the plaintiff is entitled to have performed. (*Etten*, 138 Ill. App. 3d at 441-42, 485 N.E.2d at 1179.) We have previously recognized prisoners may file a complaint for *mandamus* to compel DOC officials to perform as required under the rules adopted by the DOC. See *Thompson v. Lane* (1990), 194 Ill. App. 3d 855, 864, 551 N.E.2d 731, 737.

We are aware of no authority standing for the proposition a plaintiff only has a right to a writ of *mandamus* to compel an official to perform a duty which the court considers to be significant. The importance of a prisoner's right to have his grievances acknowledged and addressed was determined by the legislature, which enacted sections 3—2—2(h) and 3—8—8(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, pars. 1003—2—2(h), 1003—8—8(a)), and the DOC, which promulgated title 20, section 504.830(a), of the Administrative Code.

We believe the trial court's assessment of plaintiff as a professional litigant who inappropriately burdens the court system with nonmeritorious litigation out of boredom may be correct. We know the trial courts in counties where correctional centers are located bear the brunt of dealing with litigation fostered by inmates. We

have no creative solution to the problems noted in the trial court's remarks and ruling. Perhaps we simply add to the problem by reversing, but find we are compelled to do so.

Accepting as true the allegations in West's complaint, for the purposes of the motion to dismiss, West filed grievances which were not investigated, and with respect to which no decision was entered. By virtue of title 20, section 504.830(a), of the Administrative Code, the prison officials had a duty to address West's grievances and West had a right to have the officers perform in accordance with those rules. The dismissal of West's complaint for *mandamus* was error. The cause is remanded for a hearing to determine whether West ever filed any written grievances. That was the issue raised by the defendants' motion to dismiss.

Reversed and cause remanded with directions.

McCULLOUGH, P.J., and LUND, J., concur.