JACK NEWSOME, Plaintiff-Appellant, v. THE PRISONER REVIEW BOARD *et al.*, Defendants-Appellees.

Fourth District    No. 4—00—1041

Opinion filed September 4, 2002.—Rehearing denied October 10, 2002.

918

COOK, J., dissenting.

Jack Newsome, of Pontiac, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Mary E. Welsh, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff, Jack Newsome, an inmate of Stateville Correctional Center (Stateville), appeals *pro se* from the order of the circuit court of Livingston County dismissing his unamended *pro se* complaint for *mandamus* against defendants, "The Prisoner Review Board; Dwayne A. Clark; Leora Harry; Donald N. Snyder; Mark Nelson; Sergeant L. Gregory; D. Knight; Officer T. Ruffino; and Does 1 through 100." The only parties to this appeal are plaintiff and defendants, the Prisoner Review Board and Snyder. The issues on appeal are whether (1) the complaint was properly dismissed for failure to state a cause of action in *mandamus* and (2) plaintiff was provided effective assistance by court-appointed counsel. We affirm.

■ We consider *de novo* the issue of whether the complaint stated a cause of action for *mandamus*. See *Toombs v. City of Champaign,* 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993). *Mandamus* is a civil proceeding governed by sections 14—101 through 14—109 of the Code of Civil Procedure (735 ILCS 5/14—101 through 14—109 (West 2000)), and it lies to compel an action by an officer that is purely ministerial and not discretionary (*Dennis E. v. O'Malley,* 256 Ill. App. 3d 334, 341, 628 N.E.2d 362, 368 (1993)). In determining whether the allegations of the complaint are sufficient to state a cause of action, we take all well-pleaded facts as true and view them in the light most favorable to plaintiff. *Connick v. Suzuki Motor Co.,* 174 Ill. 2d 482, 490, 675 N.E.2d 584, 588 (1996).

On May 23, 2000, plaintiff filed the *pro se* complaint for *mandamus* requesting a new hearing by the administrative review board or, in the alternative, reinstatement of his good-conduct credit and grade. This action arose out of an incident at Stateville on July 27, 1998. Correctional officer Ruffino wrote a disciplinary report against plaintiff for failing to stay with the group Ruffino was escorting and for striking Ruffino. Plaintiff was charged with disobeying a direct order,

insolence, intimidation or threats, assault, and dangerous disturbance. The following day, plaintiff submitted a request to the adjustment committee for (1) polygraph examinations of himself and Ruffino, (2) review of the relevant inmate movement sheets, mugshot book, and surveillance tape to identify three other inmates being escorted by Ruffino at the time of and who witnessed the incident, and (3) an interview of the food service supervisor with whom plaintiff claimed he stopped to discuss his dietary requirements. The adjustment committee, comprised of defendants Nelson, Gregory, and Knight, conducted its hearing on August 3, 1998. At that hearing, plaintiff stated he had no desire to make a comment and orally requested a continuance. Plaintiff informed the adjustment committee that he did not know the names of the three inmate witnesses. The request for a continuance was denied. The adjustment committee found plaintiff guilty of the charges on the basis that plaintiff admitted being present at the incident, assistant warden Springborn saw plaintiff strike and assault Ruffino, and Ruffino's report of the incident was accurate. In its summary, the adjustment committee stated that the inmate witnesses were not called because doing so would undermine authority and jeopardize security, and Springborn witnessed the assault. The adjustment committee then revoked one year of plaintiff's good-conduct credit, demoted him to C grade for one year, placed him in segregation for one year, and denied him commissary and audiovisual privileges for three months. Stateville chief administrative officer Dwayne Clark approved the decision.

On August 9, 1998, plaintiff filed a grievance charging that the three inmate witnesses "may have" corroborated his statement that, prior to the incident, Ruffino put his hands on plaintiff with the deliberate intention of provoking a fight. Plaintiff argued that his request to review the relevant inmate movement sheets and mugshot book to discover the identities of the three inmate witnesses was not unreasonable. On December 17, 1998, the administrative review board, chaired by defendant Leora Harry, conducted a hearing on plaintiff's grievance. At the hearing, plaintiff described the incident as he felt it occurred and stated that Springborn was not present during the entire incident and could have no knowledge that Ruffino had shoved plaintiff prior to the confrontation. Plaintiff told the administrative review board that he was justified in assaulting Ruffino. The administrative review board concluded it was reasonably satisfied that plaintiff committed the infraction and recommended denying the grievance. Defendant Donald Snyder, the Director of the Department of Corrections (DOC), concurred.

In his *mandamus* complaint, plaintiff alleged that Ruffino violated

his rights to due process by omitting the names of the three inmate witnesses from his report, the adjustment committee violated his right to due process by not correcting Ruffino's omissions or not interviewing the three inmate witnesses, and the adjustment committee and the administrative review board knew that the request to interview the three inmate witnesses was within the purview of DOC rules.

■ A *mandamus* action is not an appropriate means for seeking judicial review of an administrative proceeding. To withstand a challenge to the legal sufficiency of a complaint seeking *mandamus*, the complaint must allege facts establishing a clear right of the plaintiff to the desired relief, a clear duty of defendant to act, a clear authority in defendant to comply with the terms of the writ, and the activity sought to be compelled is ministerial and not discretionary. *Dennis E.*, 256 Ill. App. 3d at 340-41, 628 N.E.2d at 367-68.

■ In *Durbin v. Gilmore*, 307 Ill. App. 3d 337, 343, 718 N.E.2d 292, 297 (1999), this court stated:

> "Due process requires only that the inmate receive (1) advance written notice of the disciplinary charges at least 24 hours prior to hearing; (2) when consistent with institutional safety and correctional goals, an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 41 L. Ed. 2d 935, 956, 94 S. Ct. 2963, 2979 (1974)."

DOC rules provide that a committed person, upon written request and for good cause shown, may be granted additional time to prepare a defense (20 Ill. Adm. Code § 504.80(e) (Conway Greene CD-ROM June 2002)) and, prior to hearing, may make a written request on the space provided in the disciplinary report that witnesses be interviewed, with inclusion of an explanation of what the witnesses would state (20 Ill. Adm. Code § 504.80(f)(2) (Conway Greene CD-ROM June 2002)). If the committed person fails to make a timely request before hearing, a continuance may be granted for good cause shown. 20 Ill. Adm. Code § 504.80(f)(2) (Conway Greene CD-ROM June 2002). "The Adjustment Committee shall consider any statements of witnesses with relevant knowledge of the incident who are reasonably available." 20 Ill. Adm. Code § 504.80(h) (Conway Greene CD-ROM June 2002). The adjustment committee, or its hearing officer, may interview witnesses and prepare or review a summary of the testimony prior to or subsequent to the hearing. 20 Ill. Adm. Code § 504.80(h)(1) (Conway Greene CD-ROM June 2002). The committed person does not have the right to confront or cross-examine witnesses but may submit questions to be asked of the witness prior to the hearing. 20 Ill. Adm. Code

§ 504.80(h)(2) (Conway Greene CD-ROM June 2002). The adjustment committee may disapprove witness requests not received prior to the hearing (20 Ill. Adm. Code § 504.80(h)(3) (Conway Greene CD-ROM June 2002)) and may deny witness requests if their testimony would be irrelevant or cumulative or would jeopardize the safety or disrupt the security of the facility, among other reasons (20 Ill. Adm. Code § 504.80(h)(4) (Conway Greene CD-ROM June 2002)).

■ In this case, plaintiff did not make a proper written request for the three inmate witnesses to be interviewed, did not identify what their testimony would be or identify them, and made an untimely oral motion for continuance, again failing to show good cause by identifying the inmates or the need for their testimony. Not until the grievance proceeding did plaintiff disclose his belief that the three other inmates "may have" corroborated his version of the incident. However, because their testimony would have been cumulative of his own testimony about the incident, the adjustment committee would have had the discretion not to interview those witnesses on that basis had the adjustment committee known of the nature of their testimony in advance of the hearing. The fact that plaintiff simply declined to present his version of the incident to the adjustment committee did not remove that discretion from the adjustment committee. The adjustment committee was not apprised that the statements of the three inmates would contradict the statement of Springborn. Moreover, plaintiff did not allege any facts that would bring into question the adjustment committee's determination not to interview those witnesses because to do so would undermine authority and jeopardize the security of the facility.

Because the decision not to interview the three inmate witnesses was a matter resting in the discretion of the adjustment committee, the complaint for *mandamus* was properly dismissed.

■ The remaining issue concerns the appropriate level of representation accorded plaintiff in the circuit court. After plaintiff filed his complaint on May 23, 2000, the trial court, at plaintiff's request, appointed the Livingston County public defender, David G. Ahlemeyer, to represent plaintiff. Defendants, Prisoner Review Board and Snyder, filed a motion to dismiss. The record does not disclose service of summons on or acquisition of personal jurisdiction of any other defendants. A docket entry discloses that the trial court conducted a telephone conference on the motion to dismiss with Ahlemeyer and the assistant Attorney General on October 30, 2000. Following the telephone conference, the trial court granted the motion to dismiss and vacated Ahlemeyer's appointment. Ahlemeyer did not amend plaintiff's *pro se* complaint or file any reply or legal memorandum in response to the

motion to dismiss. In his *pro se* petition for rehearing, plaintiff stated that Ahlemeyer's contact with him was limited to two letters and that Ahlemeyer ignored his repeated requests for a meeting to discuss the issues and to amend the complaint. Plaintiff acknowledged in his petition for rehearing that Ahlemeyer wrote to him on August 15, 2000, explaining his intended argument in opposition to the motion to dismiss. Ahlemeyer sent plaintiff another letter dated September 12, 2000, assuring plaintiff that, despite the apprehensions plaintiff expressed in his correspondence, the matters of which plaintiff complained would be addressed in this case. Copies of the correspondence between plaintiff and Ahlemeyer were attached to the petition for rehearing.

The procedure employed in this case does not require reversing the trial court's dismissal of the petition for *mandamus*. The trial court may direct that arguments on motions be presented in a telephone conference. 145 Ill. 2d R. 185. This court considers the propriety of dismissing the petition *de novo*. *Howell v. Snyder*, 326 Ill. App. 3d 450, 453, 760 N.E.2d 1009, 1011 (2001).

In *Tedder v. Fairman*, 92 Ill. 2d 216, 224-25, 441 N.E.2d 311, 314-15 (1982), the supreme court found that indigent prisoners have no constitutional right to appointed counsel in a civil suit either at trial or on appeal. However, the court did recognize a constitutional mandate of "meaningful access" to the courts. *Tedder*, 92 Ill. 2d at 225, 441 N.E.2d at 314. Although no legislative mandate requires the appointment of such counsel, the trial court has the discretion to appoint an attorney. *Tedder*, 92 Ill. 2d at 227, 441 N.E.2d at 315. The supreme court stated:

> "[O]nce a circuit court, in its discretion, has determined that appointment of the public defender is appropriate to represent an indigent prisoner, limited to a grievance relating to the conditions of his confinement, then that assistant public defender is expected to exercise due diligence in proceeding with the assigned case." *Tedder*, 92 Ill. 2d at 227, 441 N.E.2d at 315-16.

*Tedder* is distinguishable from this case. In *Tedder*, the trial court granted plaintiff 14 days to amend the petition and no amended petition was filed. *Tedder*, 92 Ill. 2d at 220, 441 N.E.2d at 312. The supreme court found that "[a]ppointed counsel failed to amend the pleading in the face of the circuit court['s] statements that" the petition was inadequate. *Tedder*, 92 Ill. 2d at 227, 441 N.E.2d at 316.

Also distinguishable from *Tedder* is this court's decision in *Marrero v. Peters*, 229 Ill. App. 3d 752, 593 N.E.2d 1166 (1992). *Marrero* also involved an inmate filing a complaint for *mandamus* regarding a grievance with prison disciplinary proceedings. *Marrero*, 229 Ill. App.

3d at 753, 593 N.E.2d at 1167. The trial court appointed the Livingston County public defender to represent him; the State filed a motion to dismiss; and the trial court conducted a telephone conference that resulted in the dismissal of the complaint. *Marrero*, 229 Ill. App. 3d at 754, 593 N.E.2d at 1167. On appeal, the plaintiff argued that he was denied effective assistance of counsel because the public defender never contacted him, never investigated the allegations found in his complaint, never filed an answer to the State's motion to dismiss or informed him that the State had filed a motion to dismiss, and never appeared in court to argue his case. This court held that "the supreme court's reference to due diligence in *Tedder* is an admonition to counsel to go forward in good faith." *Marrero*, 229 Ill. App. 3d at 755, 593 N.E.2d at 1168. In *Marrero*, we further stated, "[w]hile we generally expect counsel to consult with a client, we cannot conclude, given the circumstances of this case, the public defender's performance fell below the due diligence standard." *Marrero*, 229 Ill. App. 3d at 755, 593 N.E.2d at 1168.

In *Marrero*, this court found that the plaintiff was adequately represented by counsel in the trial court. *Marrero*, 229 Ill. App. 3d at 755, 593 N.E.2d at 1168. The circuit court in *Marrero* found that plaintiff " 'can adequately present the issues in question should there be an appeal of this ruling' " (*Marrero*, 229 Ill. App. 3d at 755, 593 N.E.2d at 1168), and this court decided that the plaintiff in that case "prepared a clear and understandable complaint seeking *mandamus*" (*Marrero*, 229 Ill. App. 3d at 755, 593 N.E.2d at 1168). *Marrero* stands for the proposition that, if plaintiff's *pro se* petition is adequate to disclose the nature of plaintiff's claim, appointed counsel need not amend the petition. See 188 Ill. 2d R. 604(d) (attorney appointed on a defendant's motion to withdraw the guilty plea or reconsider the sentence must certify that counsel "has made any amendments to the motion necessary for adequate presentation"). Moreover, plaintiff has suggested no way that appointed counsel in this case could have amended the complaint so as to state a cause of action for *mandamus* under the facts of this case.

The judgment of the circuit court of Livingston County is affirmed.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE COOK, dissenting:

The underlying question in this case is whether the trial court may employ extraordinary procedures, not employed in any other

cases, because of the problems presented by inmate litigation. At least the defendants in this case entered their appearance and filed a motion to dismiss, and plaintiff requested that the trial court appoint counsel for him. *Cf. Mason v. Snyder*, 332 Ill. App. 3d 834 (2002) (inmate complaint for *mandamus* dismissed *sua sponte* before service of process or entry of appearance); *cf. Caruth v. Quinley*, 333 Ill. App. 3d 94 (2002) (trial court appointed counsel *sua sponte*).

Many petitions filed by inmates are frivolous and without merit. However, the revocation of previously earned good-time credit as a sanction for serious misconduct "is unquestionably a matter of considerable importance." *Wolff v. McDonnell*, 418 U.S. 539, 561, 41 L. Ed. 2d 935, 954, 94 S. Ct. 2963, 2977 (1974). The revocation of a year of good-time credit is very much like sentencing a defendant after a felony conviction. We have previously held that a prisoner may file a complaint for *mandamus* to compel DOC officials to perform as required under the rules adopted by the DOC. *West v. Gramley*, 262 Ill. App. 3d 552, 557, 634 N.E.2d 1261, 1265 (1994).

A section 2—619(a)(9) motion (735 ILCS 5/2—619(a)(9) (West 2000)), such as the motion that defendants filed here, admits the legal sufficiency of plaintiff's complaint and goes on to suggest that the claim asserted is barred by other affirmative matter. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993). An example of a good section 2—619 motion is where plaintiff states a good cause of action for damages resulting from an automobile accident, but defendant is able to show the statute of limitations has run, the claim has been released, or the like. Defendant may not prevail on a section 2—619 motion without establishing some "affirmative matter" that defeats the claim; simply negating the allegations of the plaintiff's complaint is not sufficient. *Kedzie*, 156 Ill. 2d at 115, 619 N.E.2d at 735. We consider an appeal from the granting of a section 2—619 motion the same as we would consider an appeal from the granting of a summary judgment. *Kedzie*, 156 Ill. 2d at 116-17, 619 N.E.2d at 735. Our review is *de novo*, which means that we give no deference to the decision of the trial court. *Jackson v. Graham*, 323 Ill. App. 3d 766, 779, 753 N.E.2d 525, 536 (2001).

In this case defendants did not file any affidavits in support of their section 2—619(a)(9) motion, and we are therefore limited to the face of the complaint in our search for "affirmative matter." *Kedzie*, 156 Ill. 2d at 115, 619 N.E.2d at 735. The majority states that the complaint was properly dismissed for failure to state a cause of action in *mandamus*. That, of course, is impossible. Defendants' section 2—619(a)(9) motion admitted the legal sufficiency of plaintiff's complaint. *Kedzie*, 156 Ill. 2d at 115, 619 N.E.2d at 735.

It appears that the majority is treating the motion to dismiss as a motion filed under section 2—615. 735 ILCS 5/2—615 (West 2000). As the majority points out, in ruling on a section 2—615 motion, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from the complaint. The court is to interpret the allegations of the complaint in the light most favorable to the plaintiff. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings that will entitle the plaintiff to recover. *American National Bank & Trust Co. v. City of Chicago*, 192 Ill. 2d 274, 279, 735 N.E.2d 551, 554 (2000).

The majority disregards the rules it has cited. The majority tells us that "plaintiff did not make a proper written request for the three inmate witnesses to be interviewed." 333 Ill. App. 3d at 921. How can we reach that conclusion at this stage of the proceedings, in the absence of any testimony or record? Defendants have not raised that objection, perhaps conceding that a proper request was made, asserting instead that calling the inmate witnesses would undermine authority and jeopardize security. An issue of fact cannot be resolved on a motion to dismiss. At this stage of the proceedings we must accept as true the fact that defendant properly exercised his right to call witnesses. It is certainly possible that plaintiff could prove that he made a proper written request or that the requirement of a writing was waived.

The majority asserts that plaintiff did not identify what the testimony of the three witnesses would be. The majority tells us, however, that plaintiff alleges that he:

"filed a grievance charging that the three inmate witnesses 'may have' corroborated his statement that, prior to the incident, Ruffino put his hands on plaintiff with the deliberate intention of provoking a fight." 333 Ill. App. 3d at 919.

Interpreting the allegations of the complaint in the light most favorable to plaintiff, it is clear that the testimony of the three witnesses could have been favorable to plaintiff.

The majority disingenuously complains that plaintiff did not identify the three witnesses. Plaintiff's initial request was that defendants identify the witnesses, who were in the group Ruffino was escorting. Defendants have never indicated they are unaware of the identities of the three witnesses.

The majority complains that plaintiff "made an untimely oral motion for continuance." 333 Ill. App. 3d at 921. The majority is apparently referring to plaintiff's oral request for a continuance at the hearing. If a committed person fails to make a timely request before

hearing, a continuance may be granted for good cause shown. 20 Ill. Adm. Code § 504.80(f)(2) (Conway Greene CD-ROM June 2002). "The Adjustment Committee shall consider any statements of witnesses with relevant knowledge of the incident who are reasonably available." 20 Ill. Adm. Code § 504.80(h) (Conway Greene CD-ROM June 2002). Again, defendants did not complain that plaintiff did not have good cause for making his request for continuance at the time of the hearing. We cannot determine the existence of good cause on a section 2—615 motion to dismiss; instead, we must accept as true all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from the complaint.

Finally the majority concludes that the adjustment committee properly exercised its discretion not to interview the witnesses "because their testimony would have been cumulative of [plaintiff's] own testimony." 333 Ill. App. 3d at 921. How could the majority know what the testimony of these three unidentified witnesses would be? In considering plaintiff's grievance, the adjustment committee accepted the testimony of Springborn over the testimony of plaintiff. The testimony of other witnesses corroborating the testimony of plaintiff would have been relevant even if cumulative.

The majority does not suggest that a complaint for *mandamus* can never be filed when prison administrative proceedings have resulted in revocation of good-time credit. Instead the majority tells us that this particular complaint was insufficient because: it did not allege a proper request for witness interviews, it did not identify the testimony of the witnesses or identify the witnesses, and it did not allege good cause for a continuance. Such insufficiencies can be cured by amendment. It is improper to dismiss a complaint under section 2—615 without leave to amend unless it has become apparent that no set of facts could be pleaded that would entitle a plaintiff to recover. *Neptuno Treuhand-Und Verwaltungsgesellschaft MBH v. Arbor*, 295 Ill. App. 3d 567, 575-76, 692 N.E.2d 812, 819 (1998). Civil cases should be decided on the basis of substance, not technicalities. "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." 735 ILCS 5/2—603(c) (West 2000). The trial court, however, sought to prevent amendment by not including leave to amend in its order and by immediately discharging the attorney it had appointed for plaintiff.

Plaintiff's allegations may prove to be unfounded but we should follow the same rules in deciding this case that we would follow in any other case involving a section 2—619 motion to dismiss or a section 2—615 motion to dismiss. This complaint for *mandamus* should not have been dismissed on the pleadings without leave to amend.