NOTICE

Decision filed 11/15/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200159-U

NO. 5-20-0159

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THOMAS C. MESSINA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 19-MR-86 |
| | ) | |
| JAQUELINE LASHBROOK and JOHN R. BALDWIN, | ) | |
| | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly dismissed the plaintiff's complaint for *mandamus*.

¶ 2    Plaintiff, Thomas C. Messina, appeals *pro se* the dismissal of his complaint for *mandamus* relief wherein he alleged that defendants violated his due process rights. The judgment of the circuit court is affirmed.

¶ 3                                BACKGROUND

¶ 4    On April 13, 2018, plaintiff received a disciplinary ticket for possession of dangerous contraband in that he had sharpened an object to a point. On April 17, 2018, a disciplinary hearing was held where evidence was presented. The adjustment committee

1

found plaintiff guilty and imposed one year in segregation, a one-year commissary restriction, and one year in C-grade status. Plaintiff proceeded through the internal administrative review process.

¶ 5    On October 22, 2019, plaintiff filed a motion for leave to file complaint for *mandamus* relief and complaint for *mandamus* relief in Randolph County circuit court, alleging that the disciplinary proceedings violated his due process rights where the defendants, or those they supervised, failed to comply with prison disciplinary regulations in numerous respects.[1] Specifically, the plaintiff alleged that he was denied an opportunity to present documentary evidence in his defense; the adjustment committee failed to review the security footage from the yard after he asked; security staff waited approximately five hours before searching for the weapon; his verbal request to have photos presented during his hearing was denied; the staff member who saw the incident was not the same person who wrote the disciplinary report; and he did not receive his disciplinary ticket until the fourth day after the incident. Plaintiff argued that defendants bore responsibility for the alleged errors because they were in charge of reviewing and approving the adjustment committee's actions and failed to remand the "defective proceedings."

¶ 6    Plaintiff sought a court order "compelling them to comply with State law, departmental rules and applicable court decisions related to adjustment committee proceedings"; sanctions in the amount of $100,000 as well as $100/day for each day he

---

[1]The plaintiff's *mandamus* complaint named Warden Jacqueline Lashbrook and Director John Baldwin as defendants. Anthony Wills and Rob Jeffreys succeeded Lashbrook and Baldwin as warden and director, respectively, and have been substituted as appellees pursuant to section 2-1008(d) of the Code of Civil Procedure (735 ILCS 5/2-1008(d) (West 2018)).

was held in segregation; and expungement of the disciplinary reports and recission of his previous punishments.

¶ 7 On December 5, 2019, defendants filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2018)), arguing that plaintiff failed to state a cause of action for *mandamus* because the alleged violations of prison disciplinary regulations did not implicate a liberty interest that required due process protections, and that plaintiff's claims for monetary damages were affirmatively barred by sovereign immunity. Noting that "further amendment could not cure the defects," on April 20, 2020, the trial court granted the dismissal of plaintiff's complaint.

¶ 8 On May 21, 2020, the plaintiff filed this timely appeal.

¶ 9                                          ANALYSIS

¶ 10 On appeal, plaintiff argues the circuit court erred in dismissing his complaint for *mandamus*. We disagree.

¶ 11 We begin by noting our standard of review. "The grant of a motion to dismiss for a failure to state a cause of action filed pursuant to section 2-615 or a motion for an involuntary dismissal based on defects or defenses in the pleadings pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2004)) is subject to *de novo* review." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007) (citing *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 282 (2006)). "To survive a motion to dismiss for the failure to state a cause of action, a complaint must be both legally and factually sufficient." *Id.* at 434.

¶ 12    "*Mandamus* is an extraordinary civil remedy that will be granted to enforce, as a matter of right, the performance of official nondiscretionary duties by a public officer." *Id.* at 433 (citing *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005)). "A *mandamus* action is not an appropriate means for seeking judicial review of an administrative proceeding." *Id.* (citing *Newsome v. Prison Review Board*, 333 Ill. App. 3d 917, 920 (2002)). Because Illinois is a fact-pleading jurisdiction, a *mandamus* action will survive a motion to dismiss, where plaintiff "set[s] forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief." (Emphasis in original.) *Id.* at 433-34 (citing *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109 (1997)).

¶ 13    Before we begin our review, it should be noted that the record on appeal contains no documentation from plaintiff's disciplinary hearing or the administrative review process. It is the appellant's obligation to provide this court a complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *People v. Kline*, 92 Ill. 2d 490, 509 (1982). Failure to do so is to be strictly construed against the appellant. *Foutch*, 99 Ill. 2d at 391-92; *People v. Stewart*, 179 Ill. 2d 556, 565-66 (1997). When a party fails to do so, we must presume that the circuit court's ruling had a sufficient factual basis and conformed to the law. *People v. Olsson*, 2014 IL App (2d) 131217, ¶ 14.

¶ 14    Plaintiff's argument is based on his allegations that defendants did not adhere to the Department of Corrections' (Department's) own rules under the Illinois Administrative Code. However, "the Department regulations create no more rights for inmates than those

that are constitutionally required." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 49. Prison regulations were not designed to create judicially enforceable rights for inmates. *Id.* ¶¶ 47-48. A violation of the Department's regulations governing an inmate's disciplinary proceedings "fails to state a cause of action." *Id.* ¶ 55. Instead, it is "the interest affected by the discipline imposed" that gives rise to a cause of action. *Id.* ¶ 54.

¶ 15     As such, defendants' disciplinary action could give rise to a *mandamus* action when the discipline affects a prisoner's liberty interest, which is protected by the due process clause. See *id.* ¶¶ 44-49. The United States Supreme Court and the Illinois Supreme Court determined that a prisoner's liberty interest is impacted where the disciplinary action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (Internal quotation marks omitted.) *Id.* ¶¶ 44-47.

¶ 16     Plaintiff's complaint alleged that defendants' noncompliance with Department regulations constitutes a violation of his due process rights. He failed to allege any liberty interest or present facts explaining how the disciplinary actions imposed were atypical or a significant hardship compared to the ordinary incidents of prison life. Instead, plaintiff argues—in the trial court and on appeal—that such liberty interest is not necessary for the success of his *mandamus* action. As explained above, such contention is plainly rejected by the Illinois Supreme Court. *Id.* ¶¶ 44-49. Because plaintiff's action relies solely on defendants' noncompliance with Department regulations—which do not confer rights—plaintiff failed to allege a clear right to the relief requested as necessary in a *mandamus* action. Accordingly, the circuit court did not err in granting dismissal of the plaintiff's *mandamus* complaint.

¶ 17                    CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Randolph County is

affirmed.


¶ 19    Affirmed.

6